■ JM MECHANICAL CORP., Respondent, v WASHINGTON FEDERAL SAVINGS AND LOAN ASSOCIATION, Appellant. (And a Second Action.) — In an action, *inter alia,* on a contract, defendant appeals from an order of the Supreme Court, Westchester County, entered July 3, 1980, which granted plaintiff's motion for consolidation or a joint trial of the instant action together with an action brought against plaintiff in the Supreme Court, Suffolk County, to the extent of directing a joint trial of the two actions in Suffolk County. Order reversed, on the law, with $50 costs and disbursements, and motion denied. The actions which Special Term ordered to be jointly tried arose out

of a series of difficulties which attended the construction of a nursing home at 5811 Ditmas Avenue in Brooklyn. Although the parties' motion papers disclose what is at best an incomplete account of these events, the following appear to be the relevant facts. In July, 1974 Washington Federal Savings and Loan Association (Washington Federal) and the Golden Haven Realty Corporation (Golden Haven) entered into a $1.8 million mortgage agreement for the construction of the above-mentioned nursing home. On or about September 8, 1975 Embassy Industries, Incorporated (Embassy) contracted with the JM Mechanical Corporation (JM Mechanical), a heating and air conditioning subcontractor, to supply to the latter certain equipment which was to be installed in the building. At some point, apparently, the general contractor for the project walked off the job. On August 12, 1976 Golden Haven signed a "trade acceptance" pursuant to which Golden Haven directed Washington Federal to pay Embassy $12,070 on a date certain in October, 1976 for "the purchase of goods," i.e., the equipment to be supplied to JM Mechanical. In September, 1976 Embassy delivered materials worth $12,914.90. (At about this time, Washington Federal suspended its advances to Golden Haven because of Golden Haven's alleged defaults under the building loan agreement. Washington Federal subsequently instituted a foreclosure action and obtained a judgment of foreclosure and sale which was recently affirmed by this court [*Washington Fed. Sav. & Loan Assn. v Golden Haven Realty Corp.*, 79 AD2d 1002].) In April, 1977 Embassy commenced an action against JM Mechanical and Golden Haven in the Supreme Court, Suffolk County, to recover the sum of $31,619.57, of which about $12,915 represented delivered goods and the remainder work in progress. In its complaint, Embassy demanded judgment for the entire amount against JM Mechanical on two causes of action founded upon the September 8, 1975 contract. The four remaining causes of action seek recovery of the $31,619.57 from Golden Haven on the basis of the August, 1976 trade acceptance. Embassy also asserted the existence of a contract between Golden Haven and JM Mechanical. In its answer, JM Mechanical admitted that Embassy had furnished about $12,915 worth of supplies and admitted the "accuracy" of the September 8, 1975 contract and the trade acceptance. It denied, however, the existence of a contract between it and Golden Haven. As an "affirmative defense" JM Mechanical alleged that it was an agent for Golden Haven, that Embassy refused to deliver goods or perform services for it, that Embassy refused to accept its "obligations" in payment of the sums sued for, and that between March and July, 1976, Embassy had entered into an agreement with JM Mechanical and Golden Haven relieving JM Mechanical of any obligations incurred as a result of the latter's work and requiring Embassy to look to Golden Haven for the satisfaction of these obligations. In this action, Embassy filed a note of issue and statement of readiness dated June 22, 1979. JM Mechanical commenced the instant action against Washington Federal in the Supreme Court, Westchester County, by service of a summons and verified complaint, both dated September 10, 1979. Essentially, JM Mechanical alleged that it and Washington Federal had entered into an agreement "in 1977" whereby the latter agreed that it would pay JM Mechanical all sums due under JM Mechanical's contract with the general contractor if JM Mechanical continued and completed the work it had begun. In its answer, Washington Federal, *inter alia*, denied the material allegations of the complaint. By order to show cause dated May 27, 1980, JM Mechanical made the instant application to consolidate the two actions or for a joint trial. Special Term directed that the actions be tried jointly. On appeal, the sole issue is whether the two

actions involve a common question of law or fact (see CPLR 602, subd [a]). We see no common question of law. The suits present three distinct legal claims, each based on a separate contract. Neither can we hold that there is an identity of questions of fact sufficient to merit a joint trial. While it is true that these suits arise out of the same series of transactions, the proof with respect to each of the disputed agreements does not overlap. Appellant, Washington Federal, as the drawee of the trade acceptance, has only an incidental nexus to the Suffolk County action. We conclude, therefore, that the motion should have been denied in its entirety. Mollen, P.J., Hopkins, Mangano and Cohalan, JJ., concur.