■ ALUMINUM MILL SUPPLY CORP. et al., Appellants-Respondents, v SKYVIEW METALS, INC., et al., Respondents-Appellants, and RODMAN ROCHESTER, INC., et al., Respondents. MARVIN CHAPLIN et al., Intervenors-Respondents. (And Two Other Actions.)—In an action to recover damages, *inter alia,* for breach of a duty of loyalty (action No. 1), and in actions, *inter alia,* for recovery of unpaid accounts receivable (actions Nos. 2

and 3), (1) the plaintiffs in action No. 1 appeal from an order of the Supreme Court, Nassau County (Christ, J.), dated June 14, 1985, which granted the motion of the defendants Skyview Metals, Inc. and Rodman-Florida Metals, Inc. for renewal and reargument of a motion to consolidate the actions and to designate venue in Nassau County, and cross motions to vacate provisions of an order to show cause of the Supreme Court, Nassau County (Becker, J.), dated December 12, 1984, and, if consolidation or a joint trial is ordered, to designate venue in Livingston County, and, upon reargument, (a) vacated a prior order of the same court, dated April 1, 1985, (b) denied a motion of the plaintiffs in action No. 1, insofar as it sought to consolidate the three actions, and (c) upon granting a joint trial of all three actions, placed venue in Livingston County; (2) the defendants in action No. 1, Skyview Metals, Inc. and Rodman-Florida Metals, Inc., cross-appeal from so much of the same order as, upon renewal and reargument, (a) failed to grant their cross motion to vacate the service provisions of the order to show cause dated December 12, 1984, (b) granted a joint trial of all three actions, placing venue in Livingston County, and (c) denied costs, disbursements and attorney's fees to them; and (3) the parties separately appeal from an order of the same court, dated August 5, 1985, which denied a motion for renewal and reargument of the prior order dated June 14, 1985.

Order dated June 14, 1985 modified, by deleting all the provisions thereof with the exception of the provision which, upon renewal and reargument, withdrew and vacated the prior order dated April 1, 1985, and motion and cross motion dismissed. As so modified, order affirmed, insofar as appealed from. Action No. 1 remitted to the Supreme Court, Nassau County, and actions Nos. 2 and 3 remitted to the Supreme Court, Livingston County, for further proceedings consistent herewith.

Order dated August 5, 1985 reversed, and motion dismissed. The defendants-respondents Skyview Metals, Inc., Rodman-Florida Metals, Inc., John P. Rodman, Marvin Chaplin and XYZ Company, appearing separately and filing separate briefs, are awarded one bill of costs payable by appellants-respondents.

One of the plaintiffs in action No. 1, Aluminum Mill Supply Corp. (hereinafter Aluminum Mill), a surplus metal dealer, transacted business with Skyview Metals, Inc. and Rodman-Florida Metals, Inc. The defendant Marvin Chaplin is a former employee of Aluminum Mill, and the principal owner of

the defendant XYZ Company. The gravamen of the plaintiffs' complaint in action No. 1 is that Chaplin, while in the employ of the plaintiff Aluminum Mill, allegedly received a payment from Skyview Metals, Inc. and did business on behalf of XYZ Company, in competition with the plaintiffs, constituting self-dealing and a breach of his duty of loyalty. Aluminum Mill further alleges that the defendants conspired to defraud it by overcharging for inferior products. In actions Nos. 2 and 3, Skyview Metals, Inc. and Rodman-Florida Metals, Inc. each seek to recover unpaid accounts receivable and replevy their respective merchandise. Action No. 1 was commenced in Nassau County prior to actions Nos. 2 and 3, which were commenced in Livingston County. On December 12, 1984, the plaintiffs moved by order to show cause for consolidation of the actions. However, the attorneys for some of the named parties in these actions, including the defendant Chaplin, were not served with a copy of the order to show cause, pursuant to the service requirements therein. By order dated April 1, 1985, Special Term (Christ, J.) consolidated the three actions and directed that they be tried in Nassau County. Upon the motion of Skyview Metals, Inc. and Rodman-Florida Metals, Inc. for renewal and reargument, Special Term vacated the April 1 order and determined, *inter alia,* that the service requirements of the order to show cause were not complied with. Nevertheless, Special Term granted a joint trial of all of the actions in Livingston County. Aluminum Mill's motion for renewal and reargument of the June 14, 1985 order was denied by order of Special Term (Christ, J.) dated August 5, 1985. Apparently, some of the parties have never been served with the various papers in these actions other than the summons and complaint. By order of this court dated November 18, 1985, Chaplin and XYZ Company were granted leave to intervene as respondents on this appeal.

The failure of the plaintiffs to serve all of the parties in the manner specified in the order to show cause is sufficient to require the dismissal of the respective motions and cross motion, except as stated above, which resulted in the June 14 and August 5 orders *(see, Matter of Sahler v Callahan,* 92 AD2d 976, 977; *cf. McCormick v Mars Assoc.,* 25 AD2d 433). Further, were we to determine the matter on the merits, we would direct that each of the actions should be tried separately in their respective courts of original venue. Where lawsuits arise out of the same transactions, but the proof with respect to each lawsuit does not overlap, the identity of facts is not sufficient to merit consolidation or a joint trial of the

lawsuits (see, JM Mechanical Corp. v Washington Fed. Sav. & Loan Assn., 80 AD2d 884, 886). A joint trial of the actions at bar would not serve the stated purpose of CPLR 602 (a), to wit, to avoid unnecessary costs and delay.

The request of Skyview Metals, Inc. and Rodman-Florida Metals, Inc. for extraordinary costs for prosecution of action No. 1 is premature. The question of whether that action is frivolous necessarily involves a determination of the merits of the plaintiffs' claims. To impose extraordinary costs at this stage of the litigation would deprive the plaintiffs, in that action, of due process of law (see, Gabrelian v Gabrelian, 108 AD2d 445, 454, appeal dismissed 66 NY2d 741). Lazer, J. P., Mangano, Brown and Kooper, JJ., concur.