■ FRED GORDON et al., Respondents, v GOLDMAN BROTHERS,

INC., et al., Appellants, et al., Defendant. (And Two Third-Party Actions.)—In a negligence action to recover damages for personal injuries, etc., based, *inter alia,* upon negligence, breach of warranty, and strict products liability, (1) the defendant Chippewa Shoe Co. (hereinafter Chippewa) appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Ain, J.), dated March 8, 1985, as denied its motion for summary judgment dismissing the complaint as against it, and (2) the defendant Goldman Brothers, Inc. (hereinafter Goldman Bros.) separately appeals, as limited by its brief, from so much of the same order as denied that branch of its cross motion which was for summary judgment dismissing the complaint as against it.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, Chippewa's motion and that branch of Goldman Bros.'s motion which was for summary judgment dismissing the complaint as against it are granted, and the complaint is dismissed as against Chippewa and Goldman Bros.

While on a botanical collecting expedition in Ecuador in July 1979 the plaintiff, Fred Gordon, a 59-year-old novice hiker, was seriously injured when he slipped and fell while attempting to traverse a sharply sloped and gravel-covered outcropping of rock that lay on the side of a steep hill. Ascribing fault for the accident to the boots he was wearing at the time, Gordon brought suit against, among others, the defendant Goldman Bros., the retailer who sold him the boots, and the defendant Chippewa, the manufacturer of the boots. The complaint included a derivative claim on behalf of his wife, Mildred Gordon. The causes of action brought on behalf of Fred Gordon are based not upon any defect in the design or construction of the boots in question, but rather upon representations that he claims were either made, or should have been made, pertaining to use of this type of boot on rocky terrain.

The theories upon which the principal causes of action against Chippewa rest are strict products liability based upon the failure to provide adequate warnings *(see, Voss v Black & Decker Mfg. Co.,* 59 NY2d 102, 107), breach of warranty of fitness for a particular purpose *(see,* UCC 2-314, 2-318), and common-law negligence. Similar warranty and negligence claims are asserted against Goldman Bros.

We conclude that there was no duty upon Chippewa in this case to provide warnings respecting the use of the boots. The

proper choice of footwear may, in particular situations, be important to the safety of the user, and an inappropriate choice may not always be self-evident. Nonetheless, the common variety of work boot at issue here cannot be considered a product the use of which entails inherent dangers. Although Chippewa concedes that the boot worn by Gordon provided poor traction on rock, the far more significant hazard was in the activity in which Gordon was engaged at the time of his fall, and under such circumstances, Chippewa should not be exposed to liability based upon a failure to warn *(cf., Torrogrossa v Towmotor Co.,* 44 NY2d 709; *Landrine v Mego Corp.,* 95 AD2d 759, *appeal withdrawn* 60 NY2d 703).

The negligence and breach of warranty claims against Chippewa are based solely on the allegation of Fred Gordon that an as to date unidentified Goldman Bros. salesperson, who was not an agent of Chippewa, stated at the time of the purchase that Chippewa had represented the boots as suitable for traversing rugged and mountainous terrain. Gordon concededly did not rely upon any direct or printed representations by Chippewa, and no proof has been adduced that Chippewa ever made any such representations to anyone about the suitability for such purposes of the model boot in question. Since Gordon's hearsay allegation does not comprise evidentiary proof in admissible form of a triable issue of fact with respect to Chippewa, this proof is insufficient to defeat Chippewa's motion for summary judgment *(see, Zuckerman v City of New York,* 49 NY2d 557, 560).

The more serious defect in the plaintiffs' proof, however, and that which requires the dismissal of the complaint as against Chippewa and Goldman Bros., pertains to the issue of causation. Assuming that the boots in question were not designed for use on rocky or mountainous terrain, the circumstances of the accident do not on their face establish that the boots were in any way responsible for the fall. Noticeably missing from the plaintiffs' papers is any expert's affidavit or other evidence attesting to the fact that different boots might have prevented the accident. Since the party opposing a motion for summary judgment must lay bare its proof to demonstrate the existence of a genuine material issue of fact *(see, Hartford Acc. & Indem. Co. v Coastal Dry Dock & Repair Corp.,* 97 AD2d 724, 726, *affd* 62 NY2d 924), and the proof offered by the plaintiffs does not connect the boots to the mishap sufficiently to raise a triable issue, the plaintiffs have failed to meet their burden. Accordingly, their complaint must be dismissed as against Chippewa and Goldman Bros. *(see,*

*Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065, 1067-1068). Thompson, J. P., Lawrence, Weinstein and Eiber, JJ., concur.