■ HEYDT CONTRACTING CORPORATION, Respondent, v TISHMAN CONSTRUCTION CORPORATION OF NEW YORK, Respondent-Appellant, SEVEN WORLD TRADE COMPANY et al., Appellants-Respondents, and HOME INDEMNITY COMPANY et al., Respondents, et al., Defendant.—Order, Supreme Court, New York County (William J. Davis, J.), entered November 20, 1989, *inter alia,* denying the motions of defendants Seven World Trade Company, Silverstein Development Corporation and Silverstein Properties, Inc. and cross motions of defendant Tishman Construction Corporation of New York for summary judgment dismissing the first and second causes of action of the complaint as against them in the action entitled *Heydt Contr. Corp. v Tishman Constr. Corp.* and granting plaintiff's motion, pursuant to CPLR 602, to consolidate that action with another action, entitled *Heydt Contr. Corp. v American Home Assur. Co.,* unanimously dismissed as superseded by the resettled order entered February 1, 1990.

Resettled order of said court, entered February 1, 1990 denying and granting the same relief as the prior order, and amending the caption of the consolidated action, unanimously modified, to the extent of reversing that portion which granted plaintiff's motion for consolidation and severing the actions, and otherwise affirmed, without costs.

Plaintiff commenced the first action against defendant American Home Assurance Company (American Home) and others to recover damages to its construction hoist occasioned by a fire which occurred on June 25, 1986 at 7 World Trade Center, New York County, a construction site. This court granted summary judgment dismissing the complaint as to American Home on plaintiff's claim for payment under an insurance policy. *(Heydt Contr. Corp. v American Home Assur. Co.,* 146 AD2d 497 [1st Dept 1989].) In that action, plaintiff also alleged that defendants Seven World Trade Company (Seven World Trade) and Tishman Construction Corporation of New York (Tishman), the owner and construction manager at the site, negligently caused the fire which damaged plaintiff's hoist. It further alleged that the Home Indemnity Company had failed to pay plaintiff's claim, pursuant to a separate policy of insurance.

Plaintiff commenced a second action against defendants Seven World Trade and Tishman sounding in contract. Plaintiff alleged that, subsequent to the fire, defendants' representatives orally agreed to reimburse plaintiff for the cost of repairing or replacing the damaged hoist. It sought damages based on the oral agreement and, in the event no such agreement was found, recovery in quantum meruit.

Defendants moved in this second action for summary judgment on the ground that the alleged oral agreement was barred by provisions of a written contract providing that plaintiff bear the risk of loss of damage. However, a review of the provisions relied upon by defendants demonstrates that they do not refer to the loss occasioned herein. Rather, they relate to damage to defendants' property, to adjustments in the construction contract price and to damages resulting from "the execution of the work or occurring in connection therewith". Therefore, there is no merit to defendants' argument that the oral agreement alleged by plaintiff is barred by a provision in the written contract that the contract may be modified only by a writing. "[I]f the only proof of an alleged agreement to deviate from a written contract is the oral exchanges between the parties, the writing controls" (Rose v Spa Realty Assocs., 42 NY2d 338, 343 [1977]). However, the oral agreement alleged by plaintiff neither changes nor modifies the written contract since the alleged oral agreement relates to issues not addressed in the contract. Therefore, there are triable issues of fact sufficient to defeat the defendants' motions for summary judgment. Furthermore, there is no bar to plaintiff's cause of action sounding in quantum meruit. Since the written agreement is silent as to the party which should bear the risk of loss, implied contract may be asserted by plaintiff in the event the oral agreement pleaded is not established.

The motion court, however, erred in granting plaintiff's motion for consolidation. (CPLR 602.) Plaintiff never specified, either on the motion or on this appeal, the commonality in issues of fact or law between the two actions. While the actions involve the same parties, this is not enough. Where one action sounds in negligence and the other in contract, it is inappropriate to grant consolidation. (Cf., Screen Gems-Columbia Music v Hanson Publs., 42 AD2d 897 [1st Dept 1973], affd 35 NY2d 885 [1974].) Moreover, the issues in the negligence action concern facts arising prior to and at the time of the fire, whereas the issues in the contract action relate to facts

and circumstances developed thereafter. Concur—Kupferman, J. P., Ross, Ellerin, Wallach and Smith, JJ.