■ C.K.S. Ice Cream Co., Inc., Respondent, v Frusen Gladje Franchise, Inc., Appellant.—Order, Supreme Court, New York County (Harold Baer, Jr., J.), entered August 29, 1990, which, inter alia, denied defendant's motion for summary judgment dismissing the complaint as to damages, and granted plaintiff's cross motion to consolidate this action with another brought by a different plaintiff against defendant to the extent of directing a joint trial, unanimously reversed, on the law, insofar as appealed from, defendant's motion granted to the extent of dismissing so much of the complaint as seeks damages for loss of future profits, plaintiff's cross motion denied, and the directive for a joint trial is vacated, without costs.

In March 1985, plaintiff, as franchisee, and defendant, as franchisor, entered into an agreement under which defendant was to supply plaintiff with all of its requirements of Frusen Gladje brand ice cream. According to plaintiff, about a year later, the quality of the ice cream began to decline, and, as a result of this and other breaches of the franchise agreement, plaintiff lost customers and went out of business in October

1987. Damages of $1.5 million are sought, most of which, plaintiff says, represent the profits it would have earned over the seven-year term of the franchise agreement had defendant continued to supply it with ice cream of the same quality as that which was supplied at first, and honored various of its other commitments under the franchise agreement.

After plaintiff had filed a note of issue and statement of readiness, defendant moved for summary judgment "as to damages", relying on plaintiff's failure to comply with court orders directing production of records showing its actual sales and expenses before and after the alleged decline in the quality of the ice cream. Without such records, defendant argued, plaintiff would not be able to show the extent of any decline in its sales, nor whether any such decline coincided with the alleged decline in the quality of the ice cream. Precluded from adducing documentary proof of its declining sales, plaintiff was, in effect, challenged by defendant's motion to disclose the data it intended to rely on instead to prove the cause and extent of its lost future profits. Purporting to meet this challenge, plaintiff's attorney responded that plaintiff would be relying on "order reports", inadvertently discarded by plaintiff but duplicates of which it knew to be in defendant's possession, showing the amount of ice cream plaintiff had purchased from defendant throughout the time it was in business. These records, plaintiff's attorney argued, would show plaintiff's consumption and supply requirements, and, as such, could serve as the "basic documentation" upon which an expert, using as a model other stores selling a similar product in a similar geographical area, might opine on the subject of profits with reasonable certainty. In a footnote to his affirmation, plaintiff's attorney explained that the reason he was not then producing an "expert's report" was because defendant had not yet produced the order reports in compliance with his demand therefor at defendant's deposition; however, he asked the court to "take notice that such an expert report can be prepared." On appeal, defendant dismisses these "order slips" as referring only to the "bulk ice cream" that plaintiff bought, not to the ice cream that plaintiff actually sold, and as therefore irrelevant to the question of damages.

IAS granted plaintiff's cross motion by directing defendant to produce its records showing the volume of ice cream it had shipped to plaintiff, and denied defendant's main motion for summary judgment, saying only that "despite the paucity of records there is enough on the plaintiff's plate to avoid the necessity for speculation on the part of the jury."

Whether the order reports plaintiff sought in its cross motion can be used by an expert to opine on the cause and extent of plaintiff's alleged decline in sales, we cannot say. What we can say is that loss of profits is ordinarily shown by proof of past business precisely of the type plaintiff admits it does not have (see, Kenford Co. v County of Erie, 67 NY2d 257, 261; Cramer v Grand Rapids Show Case Co., 223 NY 63, 68-69). Lacking such proof, it was incumbent on plaintiff, for purposes of opposing defendant's motion for summary judgment, to come forward with other competent proof of lost profits. This burden was not met by an attorney's affidavit speculating as to the relevance of the order reports and the ability of an expert to project lost profits on the basis thereof; an expert's affidavit should have been submitted to show that, with the order reports in hand, an adequate basis would exist for computing the amount of lost profits (see, Plant Planners v Pollock, 60 NY2d 779, affg 91 AD2d 1017; see also, Alvarez v Prospect Hosp., 68 NY2d 320, 327; Gordon v Goldman Bros., 130 AD2d 457, 459; Powles v Wean United Corp., 126 AD2d 624).

We dismiss the complaint only insofar as it seeks loss of future profits, no argument being made by defendant with respect to other categories of damages. It would appear that plaintiff may have other viable damage claims, including a cash down payment on the franchise agreement of $35,000, a debt incurred of $30,000, and fees payable in the sum of $7,000. Since this aspect of plaintiff's case was not the focus of the appeal, we do not suggest that these are the only items of damages that plaintiff may recover. (Even if it were shown that no actual damages have been sustained, plaintiff would seem entitled to proceed to trial at least on its contract cause of action if only to vindicate its right to nominal damages [Good Karma Prods. v Penthouse Intl., 59 NY2d 775, affg 88 AD2d 561; Hirsch Elec. Co. v Community Servs., 145 AD2d 603, 605].)

We reverse the order on appeal insofar as it directed that the action be tried jointly with another brought by a different Frusen Gladje franchisee, since the witnesses and proofs with respect to each will be entirely different. "Where lawsuits arise out of the same transactions, but the proof with respect to each lawsuit does not overlap, the identity of facts is not sufficient to merit consolidation or a joint trial of the lawsuits * * *. A joint trial of the actions at bar would not serve the stated purpose of CPLR 602 (a), to wit, to avoid unnecessary costs and delay." (Aluminum Mill Supply Corp. v Skyview

*Metals,* 117 AD2d 765, 767-768.) Also, we perceive a risk of prejudice to defendant if these actions were to be jointly tried. Concur—Sullivan, J. P., Carro, Wallach, Kupferman and Kassal, JJ.