■ PATRICK BROSNAN et al., Appellants, v POCO CAFE, INC., Doing Business as SPIRITS INN, Respondent. [602 NYS2d 891] —In an action to recover damages for personal injuries sustained as a result of negligence, assault, and violation of General Obligations Law § 11-101, the plaintiffs appeal from a judgment of the Supreme Court, Queens County (Leviss, J.), dated May 14, 1991, which, upon the granting of the defendant's motion to dismiss the first cause of action sounding in negligence at the close of the plaintiff's case, and pursuant to a jury verdict in favor of the defendant on the remaining causes of action, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff Patrick Brosnan was allegedly injured when he was assaulted while in a bar operated by the respondent. The plaintiffs' amended complaint alleged, among other things, that the respondent was negligent in failing to remove from the bar a highly intoxicated person, who later attacked the plaintiff Patrick Brosnan.

The court charged the jury as to the respondent's potential liability under General Obligations Law § 11-101 (the Dram Shop Act), but refused to charge the theory of common-law negligence. This was error.

The evidence adduced at trial, viewed in the manner most favorable to the plaintiffs *(see, Santiago v Steinway Trucking,* 97 AD2d 753), established that the injured plaintiff was assaulted by a boisterous and intoxicated patron, to whom the bar's owner and manager served eight to twelve drinks. The plaintiffs presented expert testimony that consumption of that amount of alcohol was sufficient to render a typical person

excitable. Further evidence revealed that the assailant (who was not identified) was drunk and "crazy", as were most of the patrons and employees, and that as a result of the assault the plaintiff was unconscious for days and permanently disabled. The plaintiffs, having made a showing of forseeability, made out a prima facie case of negligence *(see, Migdalski v Arcadian Lounge*, 73 AD2d 960). Accordingly, the court erred in refusing to charge the jury as to negligence *(see, Ross v Roberta Bar & Grill*, 83 AD2d 550). However, such error was of no consequence *(see, CPLR 2002)*. Under the facts of this case, having found in favor of the respondent on the Dram Shop cause of action, the jury could not thereafter consistently have found against the respondent on the common-law negligence cause of action, as it was tried on precisely the same theory as the Dram Shop cause of action. Mangano, P. J., Balletta, Rosenblatt and Ritter, JJ., concur.