■ ROBERT HARDER et al., Respondents, v JOSEPH REEDY et al., Appellants, et al., Defendant. [629 NYS2d 527] —Mercure, J. Appeal from a judgment of the Supreme Court (Mycek, J.), entered July 25, 1994 in Saratoga County, upon a verdict rendered in favor of plaintiffs.

Plaintiffs entered into a November 1989 contract with defendants Joseph Reedy and Janet Reedy (hereinafter collectively referred to as defendants) under the terms of which plaintiffs agreed to construct a residence for defendants for $169,140. Although the contract expressly provided that no changes, alterations or extra work was to be performed unless first authorized by written order stating the amount to be paid therefor, it is undisputed that a number of modifications, additions and upgrades were made in the absence of any written order. When a dispute arose over payment for these extras, plaintiffs commenced this action alleging in the amended complaint, as relevant to this appeal, that there was due and owing to plaintiffs the sum of $42,644 for extra work and materials that had been approved by defendants without any written change order. Following a trial, the jury awarded plaintiffs $14,763.12 as the reasonable value of the extra work performed, and defendants now appeal.

The sole contention advanced by defendants is that Supreme Court erred in submitting the matter to the jury on a theory of quantum meruit instead of the contract theory they requested. There is merit to the contention and we are, accordingly, constrained to reverse Supreme Court's judgment on plaintiffs' second cause of action and order a new trial thereon. Initially, our reading of the second cause of action of the amended complaint (by no means a model of clarity) leads us to the conclusion that plaintiffs sued the action on a contract theory. We note in this regard the allegation in paragraph 11 of the amended complaint that "[defendants] request[ed] certain extra work, changes, alterations, modifications, upgrades and trade-offs, and they were done and approved by [defendants] * * * and for such work there is now due and owing the sum of [$42,644]". Further, plaintiff Robert Harder's relevant trial testimony on the issue was limited to a description of each item of extra work done or materials supplied and the parties' agreement concerning the charge to be imposed therefor. On no occasion did Harder offer testimony as to the reasonable value of the extra work he performed (except to the extent that the agreed price may be the appropriate measure of damages under a quantum meruit theory [see, Farron v Sherwood, 17 NY 227; Raile v Peerless Am. Prods. Co., 192 App Div 506; 22 NY Jur 2d, Contracts, § 553, at 569-570]).

In view of the ample evidence (and defendants' candid concession) that defendants waived the requirement of written change orders, we conclude that Harder's testimony provided a sufficient evidentiary basis for a finding that the parties entered into separate oral agreements with regard to each of the extras. Fundamentally, where the existence of a contract is proven there may be no recovery by a plaintiff under a theory of quantum meruit or unjust enrichment (*see, e.g., Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.*, 70 NY2d 382, 388-389; *Foss v American Tel. & Tel. Co.*, 199 AD2d 668, 669; *Panetta v Tonetti*, 182 AD2d 977, 978, *lv denied* 80 NY2d 756). That being the case, Supreme Court should have submitted the contract theory to the jury (*see, Heydt Contr. Corp. v Tishman Constr. Corp.*, 163 AD2d 196, 197).* Further, because we are not persuaded that there is no view of the evidence under which defendants could have prevailed if the contract theory had been submitted, we cannot subscribe to the dissent's conclusion that Supreme Court's error was harmless.

As a final matter, we decline to exercise our discretion under CPLR 5523 to order restitution to defendants.

Cardona, P. J., and Mikoll, J., concur.

Casey, J. (dissenting). In our view, defendants Joseph Reedy and Janet Reedy (hereinafter collectively referred to as defendants) were not aggrieved by Supreme Court's failure to submit the express contract theory to the jury. A plaintiff cannot seek recovery under a theory of quantum meruit "where the suing party has fully performed on a valid written agreement, *the existence of which is undisputed,* and the scope of which clearly covers the dispute between the parties" (*Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.*, 70 NY2d 382, 389 [emphasis supplied]). Where there is a bona fide dispute as to the existence of a contract which covers the dispute in issue, however, a plaintiff is not required to elect his or her remedies, but may proceed on both theories and recover in quantum meruit if he or she fails to establish the right to recover under the disputed contract (*Sternberg, Inc. v Walber 36th St. Assocs.*, 187 AD2d 225, 227-228). Accordingly, the mere fact that plaintiffs submitted sufficient evidence to permit the disputed contract theory in this case to go to the jury did not preclude the submission of quantum meruit as an alternative theory of recovery (*see, Heydt Contr. Corp. v Tishman Constr. Corp.*, 163 AD2d 196, 197).

Defendants could be aggrieved by Supreme Court's failure to

---

* Of course, all theories appropriately supported by the evidence, including quantum meruit, may be submitted to the jury upon retrial.

submit plaintiffs' contract theory to the jury only if there is some reasonable view of the evidence by which, upon submission of the contract theory, the jury could rationally have found either no liability or liability in a lesser amount than was actually awarded. The record contains no support for either finding. The only evidence in the record that the parties reached a meeting of the minds as to price for the extras is the testimony of plaintiff Robert Harder. According to Harder's testimony, the agreed-upon price was not less than what the jury actually awarded. Thus, if the jury had found in favor of plaintiffs on their contract theory, the verdict would not have been less than the reasonable value awarded.

Of course, the jury could have rejected Harder's testimony that there was an agreement as to price. In that case, however, plaintiffs would have failed to establish the right to recover under the contract theory. That would not have resulted in a finding of no liability, however, for the jury would then have properly considered the quantum meruit theory which was the basis for the award actually made. In these circumstances, it is clear that defendants were not aggrieved by Supreme Court's failure to submit the express contract theory to the jury and, in any event, the error was harmless because there is no view of the evidence under which defendants could have prevailed if the contract theory had been submitted (*see, Marine Midland Bank v Russo Produce Co.*, 50 NY2d 31, 43; *Brosnan v Poco Cafe*, 197 AD2d 656, *lv denied* 83 NY2d 754).

Peters, J., concurs. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as awarded damages on plaintiffs' second cause of action; matter remitted to the Supreme Court for a new trial on said cause of action; and, as so modified, affirmed.