SECOND DEPARTMENT, APRIL, 2005

(April 4, 2005)

■ SUSAN BEERMAN et al., Respondents, v SAM R. MORHAIM et al., Appellants. [791 NYS2d 854]—

In an action to recover damages for dental malpractice, etc., the defendants appeal from an order of the Supreme Court, Queens County (Rosengarten, J.), dated October 14, 2004, which denied their motion, inter alia, pursuant to CPLR 602 to remove an action entitled *Beerman v Bayside Dental Assoc.*, pending in the Civil Court, City of New York, Queens County, under index No. SCQ 3766/04, to the Supreme Court, Queens County, and to consolidate it with this action.

Ordered that the order is affirmed, with costs.

A motion for consolidation is addressed to the sound discretion of the trial court, and absent a showing of substantial prejudice by the party opposing the motion, consolidation is proper where there are common questions of law and fact (*see Flaherty v RCP Assoc.*, 208 AD2d 496, 498 [1994]; *Stephens v Allstate Ins. Co.*, 185 AD2d 338 [1992]; *Zupich v Flushing Hosp. & Med. Ctr.*, 156 AD2d 677 [1989]). However, in this case, the defendants failed to specify the commonality of issues of law. Where one action sounds in negligence and the other in contract, it would be inappropriate to grant consolidation (*see Heydt Contr. Corp. v Tishman Constr. Corp. of N.Y.*, 163 AD2d 196, 197 [1990]; *Screen Gems-Columbia Music v Hansen Publs.*, 42 AD2d 897 [1973], *affd* 35 NY2d 885 [1974]). Moreover, even though both actions arise out of the same transaction, there was no showing that the proof with respect to each action overlaps. Thus, the identity of facts is insufficient to merit consolidation of the actions (*see C.K.S. Ice Cream Co. v Frusen Gladje Franchise*, 172 AD2d 206, 208-209 [1991]; *Aluminum Mill Supply Corp. v Skyview Metals*, 117 AD2d 765, 767-768 [1986]; *JM Mech. Corp. v Washington Fed. Sav. & Loan Assn.*, 80 AD2d 884, 886 [1981]). Accordingly, the Supreme Court providently exercised its discretion in denying the motion. Adams, J.P., Cozier, Ritter and Skelos, JJ., concur.