■ RCN CONSTRUCTION CORP., Respondent, v FLEET BANK, N.A., Defendant and Third-Party Plaintiff. NEAL MANDEL et al., Third-Party Defendants-Appellants. [825 NYS2d 140]—

In an action to recover damages for fraud, the third-party

defendants appeal (1) from so much of an order of the Supreme Court, Suffolk County (Henry, J.), dated May 19, 2005, as granted that branch of the plaintiff's motion which was to impose a sanction in the sum of $3,000 on them as an attorney's fee and denied their cross motion to consolidate this action with an action entitled *A.M. Constr. Enter. LLC v RCN Constr. Corp.*, pending in that court under index No. 13632/03, and (2), as limited by their brief, from so much of an order of the same court dated October 18, 2005, as denied their motion, denominated as one to vacate the order dated May 19, 2005, but which was, in effect, for leave to reargue the prior motion and the cross motion.

Ordered that the order dated May 19, 2005 is affirmed insofar as appealed from; and it is further,

Ordered that the appeal from the order dated October 18, 2005 is dismissed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The record supports the Supreme Court's determination that the third-party defendants engaged in frivolous conduct pursuant to 22 NYCRR 130-1.1 (c). The order is sufficiently detailed so as to comply with the requirements of 22 NYCRR 130-1.2. Moreover, contrary to the third-party defendants' contention, a hearing was not statutorily required where they were offered an opportunity to be heard and to oppose the motion (*see Matter of Minister, Elders & Deacons of Refm. Prot. Dutch Church of City of N.Y. v 198 Broadway*, 76 NY2d 411, 413 [1990]).

Moreover, the Supreme Court providently exercised its discretion in denying the third-party defendants' cross motion for consolidation. A motion for consolidation is addressed to the sound discretion of the court, and absent a showing of substantial prejudice by the party opposing the motion, consolidation is proper where there are common questions of law and fact (*see Flaherty v RCP Assoc.*, 208 AD2d 496, 498 [1994]; *Stephens v Allstate Ins. Co.*, 185 AD2d 338 [1992]; *Zupich v Flushing Hosp. & Med. Ctr.*, 156 AD2d 677 [1989]). However, in this case, the third-party defendants failed to specify the commonality in issues of law. Where one action sounds in fraud and the other in contract, it would be inappropriate to grant a motion for consolidation (*see Heydt Contr. Corp. v Tishman Constr. Corp. of N.Y.*, 163 AD2d 196, 197 [1990]; *Screen Gems-Columbia Music v Hansen Publ.*, 42 AD2d 897 [1973], *affd* 35 NY2d 885 [1974]). Moreover, there was no showing that the proof with respect to each action overlapped. Thus, the identity of facts is insufficient to merit consolidation of the actions (*see C.K.S. Ice Cream Co. v Frusen Gladje Franchise*, 172 AD2d 206, 208-209 [1991]; *Alumi-*

*num Mill Supply Corp. v Skyview Metals,* 117 AD2d 765, 767-768 [1986]; *JM Mech. Corp. v Washington Fed. Sav. & Loan Assn.,* 80 AD2d 884, 886 [1981]).

The third-party defendants' order to show cause was improperly denominated as a motion to vacate the order dated May 19, 2005. The motion was not, in effect, one for leave to renew, as it was not based on new facts which were unavailable at the time of the original motion (*see* CPLR 2221 [e]; *Cong. Bais Rabbenu v 26 Adar N.B. Corp.,* 282 AD2d 642 [2001]). Therefore, that motion was, in effect, solely one for leave to reargue (*see* CPLR 2221 [d]), the denial of which is not appealable (*see Tittman v Rappaport,* 287 AD2d 709 [2001]).

The parties' remaining contentions are without merit. Schmidt, J.P., Adams, Santucci and Lifson, JJ., concur.