■ Martin A. Schwartz, Appellant-Respondent, v Matthew J. Pierce, Doing Business as Pierce Excavating & Services, Defendant and Third-Party Plaintiff-Respondent-Appellant. Route 28 Self-Storage, Inc., Third-Party Defendant-Appellant-Respondent. [870 NYS2d 161]—

Spain, J.

The genesis of this dispute is an April 2005 contract between plaintiff and defendant pursuant to which defendant agreed to perform excavation and concrete work in connection with plaintiff's construction of self-storage units located on Route 28 in the Town of Meredith, Delaware County. The total contract price was $44,000, of which plaintiff paid half in advance. After a dispute arose between the parties when defendant claimed that plaintiff owed him an additional $31,200 over the agreed-upon contract price and plaintiff refused to pay, defendant refused to continue the work. Plaintiff then hired other contractors to complete the contract work and to perform some additional services. The total cost of their services to plaintiff was $88,400.

In August 2005, plaintiff—the owner of third-party defendant—commenced this action against defendant seeking breach of contract damages of $75,000. Thereafter, defendant filed a mechanic's lien against the real property, which is owned by third-party defendant, for the amount of $31,200 and commenced a third-party action against third-party defendant seeking enforcement of the lien. Defendant also filed counterclaims against plaintiff, claiming damages on the theories of breach of contract and quantum meruit. The matter proceeded to trial and the jury found plaintiff in breach of contract and, as a result, that defendant was entitled to enforce his mechanic's lien against third-party defendant in the amount of $12,100. The jury also found that defendant was in breach of contract and owed plaintiff $21,400 in damages. Supreme Court entered judgments reflecting these findings in July 2007 and September 2007, respectively. Defendant now appeals from both judgments, and we affirm.*

Contrary to defendant's first argument, we find that the jury

* Plaintiff and third-party defendant originally appealed from the September 2007 judgment, but having expressly chosen not to pursue said ap-

verdict does not necessarily reflect a compromise. A verdict should be set aside where it is evident that the jury engaged in an impermissible compromise, i.e., where there exists " 'a strong likelihood that the jury verdict result[ed] from a trade-off on a finding of liability in return for a compromise on damages' " (*Dean v Security Mut. Ins. Co.*, 21 AD3d 658, 660 [2005], quoting *Patrick v New York Bus Serv.*, 189 AD2d 611, 612 [1993]; *see Cochetti v Gralow*, 192 AD2d 974, 975 [1993]). Further, when the "value of the award for breach is a matter of simple calculation" and "[t]he evidence permits no basis for disagreement as to the amount," then anything other than that amount is evidence of a compromise verdict (*Marlio v McLaughlin*, 288 AD2d 97, 101 [2001], *lv denied* 98 NY2d 607 [2002]; *see McDonald v Walter*, 40 NY 551, 555 [1869]). Here, the jury found each party to be in breach of contract, and awarded each less than the full amount claimed. Defendant claims that he proved that his damages were $31,200 and, because no record evidence supports the lesser amount of damages, the verdict must necessarily reflect an impermissible compromise.

Defendant's claim for damages at trial was premised on two, distinct services that he asserts were not covered by the original contract price. The first additional service involved the removal of topsoil, which was indisputably part of the excavation work contemplated by the contract. However, the written contract provides that "all prices [are] based on normal excavating conditions. Extreme conditions (excessive water, hard pan, hard rock, frost, underground utilities) will change bid price." Upon beginning the excavation, defendant discovered that the amount of topsoil on plaintiff's property was around three feet, which is beyond the normal excavation conditions of four to six inches. Defendant than demanded additional payment for the removal of the topsoil as an extreme condition. Defendant contends that plaintiff agreed to pay defendant for the increased time spent on topsoil removal and defendant thereafter billed plaintiff an additional $19,500 for this work. Defendant denies ever agreeing to pay for additional time spent on topsoil removal; he argues that all topsoil removal was within the scope of the contract and it was defendant's obligation to assess the amount of topsoil when he bid on the job.

The second extra service for which defendant claims compensation was an additional excavation cut into the property made by defendant. This work became necessary when a representative from the Department of Transportation informed plaintiff

peal, it is deemed abandoned (*see Norton v Albany County Airport Auth.*, 52 AD3d 871, 872 n 1 [2008]).

that the location of one of the storage units needed to be set back farther from the road than originally planned. Defendant charged plaintiff $11,700 for this additional work. Plaintiff concedes that the extra cut was not within the scope of the contract and claims he would have compensated defendant for the extra work had defendant completed the job.

We cannot agree with defendant, given these factual disputes, that the $31,200 he demanded was such a matter of simple calculation that any other award would be illogical, or that the jury's finding that both parties were liable and entitled to damages reflects an inconsistency. After reviewing the record and, specifically, the manner in which the case was presented to the jury, juxtaposed against the jury verdict, in our view it is possible that the jury found that defendant was obligated to remove the topsoil under the original contract terms and, thus, he breached the contract when he refused to return to work following plaintiff's refusal to pay extra for the topsoil removal. The jury could have further concluded that the additional cut, which was clearly outside the scope of the original contract, was additional work that plaintiff agreed to pay for either under the extreme condition clause, as an oral modification to the contract or pursuant to a separate oral agreement. The jury then could have reasonably found plaintiff in breach of this ancillary agreement, as plaintiff did not pay defendant for the additional work. That the amount awarded ($12,100) did not exactly comport with the amount billed by defendant for this service ($11,700) is insufficient proof of compromise to undermine the verdict. Where "there are any facts[ ] upon which an estimate might be made as to the amount of damage, the jury [is] the sole arbiter[ ]" (*Avery v New York Cent. & Hudson Riv. R.R. Co.*, 121 NY 31, 42 [1890]). Here, the amount is close to the amount claimed by defendant for the extra cut; further, the jury was specifically charged, without any objection from defendant, that "you need not be absolutely certain that the amount of damages is correct to the penny. You need merely find that the amount of damages you award is a reasonable estimate based on the evidence." Under these circumstances, we find the jury's award supported and rational (*cf. Files v Ken Goewey Dodge, Inc.*, 33 AD3d 1109, 1111 [2006], *lv denied* 8 NY3d 303 [2007]).

We find unpersuasive defendant's assertion that plaintiff did not prove that he was entitled to damages because he did not demonstrate that the work that defendant actually performed was deficient. The jury's conclusion that defendant was in breach of contract for refusing to complete the job supports an award to plaintiff "to place [plaintiff] in as good a position as

[he] would have been had the contract been performed" (*Brushton-Moira Cent. School Dist. v Thomas Assoc.*, 91 NY2d 256, 261 [1998]; *see Bippley v Hollenback*, 228 AD2d 983, 983 [1996]). This amount is the " 'difference between the amount due on the contract and the amount necessary to properly complete the job' " (*Feldin v Doty*, 45 AD3d 1225, 1226 [2007], quoting *Sherman v Hanu*, 195 AD2d 810, 810 [1993]). In this case, $22,000 remained due under the contract and plaintiff provided evidence at trial that he paid additional contractors a total of $88,400 to complete the job left unfinished by defendant. Thus, the jury could have awarded plaintiff up to $66,400 for defendant's breach of the contract. However, defendant submitted evidence that a significant amount of the work completed by these contractors was work not required of defendant under its contract with plaintiff, justifying the reduced award to plaintiff.

Next, although we find merit to defendant's contention that Supreme Court erred in not providing a jury instruction on quantum meruit, we conclude that the error does not require reversal under the circumstances presented. A party may recover in quantum meruit in the absence of a written contract covering services performed upon showing " '(1) performance of services in good faith, (2) acceptance of the services by the person for whom they were rendered, (3) an expectation of compensation, and (4) the reasonable value of the services performed' " (*Precision Founds. v Ives*, 4 AD3d 589, 591 [2004], quoting *Clark v Torian*, 214 AD2d 938, 938 [1995]). However, a recovery in quantum meruit is barred if an express contract exists covering the services rendered (*see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 388 [1987]; *Charles T. Driscoll Masonry Restoration Co., Inc. v County of Ulster*, 40 AD3d 1289, 1292 [2007]).

Here, with regard to defendant's claim for additional compensation for topsoil removal, no dispute exists that the work performed was contemplated by the parties' written contract. Indeed, the only issue at trial in this regard was whether defendant was entitled to additional compensation under the extreme conditions provision of the contract. Thus, a quantum meruit charge would have been inappropriate with respect to the topsoil removal because the parties indisputably had a valid written agreement, "the existence of which is undisputed, and the scope of which clearly covers the dispute between the parties" (*Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d at 389; *see M & A Constr. Corp. v McTague*, 21 AD3d 610, 611 [2005]).

In contrast, the additional cut required was outside the scope

of the written contract, which explicitly provided that the bid price only included the work specifically delineated in the contract. Although defendant argues that the work involved in making the extra cut was covered under the contract, he also requested that the jury be charged in quantum meruit. Where there is a bona fide dispute as to the existence of a contract which covers the dispute in issue, a plaintiff is not required to elect his or her remedies, but may proceed on both theories and recover in quantum meruit if he or she fails to establish the right to recover under the disputed contract (*see Harder v Reedy*, 217 AD2d 833, 833-834 [1995]; *Heydt Contr. Corp. v Tishman Constr. Corp. of N.Y.*, 163 AD2d 196, 197 [1990]). Accordingly, we hold that it was error to deny defendant's request to charge the jury on a quantum meruit theory of recovery.

We further hold, however, that this error was harmless under the specific circumstances presented here. By concluding that plaintiff breached a contract with defendant—as evidenced by the specific answer to that inquiry on the verdict sheet—and awarding defendant damages consistent with a breach of an obligation by plaintiff to pay defendant for the additional cut, the jury established that it found an enforceable contract existing between defendant and plaintiff with respect to this additional work. This finding would have precluded any additional recovery in quantum meruit (*see Charles T. Driscoll Masonry Restoration Co., Inc. v County of Ulster*, 40 AD3d at 1292; *Steven Strong Dev. Corp. v Washington Med. Assoc.*, 303 AD2d 878, 882 [2003]; *C.O. Falter Constr. Corp. v City of Binghamton*, 257 AD2d 865, 867 [1999]).

We have considered and rejected defendant's remaining contentions.

Mercure, J.P., Carpinello, Malone Jr. and Stein JJ., concur. Ordered that the judgments are affirmed, with costs to plaintiff and third-party defendant.