■ AMBAC ASSURANCE CORP. et al., Respondents, v COUNTRYWIDE HOME LOANS, INC., et al., Defendants, and BANK OF AMERICA CORP., Appellant. MBIA INSURANCE CORPORATION, Respondent, v COUNTRYWIDE HOME LOANS, INC., et al., Defendants, and BANK OF AMERICA CORP., Appellant. FINANCIAL GUARANTY INSURANCE CO., Respondent, v COUNTRYWIDE HOME LOANS, INC., et al., Defendants, and BANK OF AMERICA CORP., Appellant. SYNCORA GUARANTEE, INC., Respondent, v COUNTRYWIDE HOME LOANS, INC., et al., Defendants, and BANK OF AMERICA CORP., Appellant. [941 NYS2d 492]—

Orders, Supreme Court, New York County (Eileen Bransten, J.), entered October 31, 2011 and November 2, 2011, which, among other things, denied defendant Bank of America Corp.'s motions to sever and consolidate plaintiffs' successor liability claims for purposes of discovery, and held in abeyance defend-

ant's motion to consolidate the successor liability claims for purposes of trial, unanimously affirmed, with costs.

This is a consolidated appeal involving four related but separate claims by monoline insurers for primary liability against the Countrywide defendants in connection with financial guarantee insurance covering mortgage-backed securities. The actions also involve successor liability against defendant Bank of America. The court properly exercised its discretion in denying defendant's motion to sever plaintiffs' successor liability claims from the primary claims and to consolidate them, for purposes of discovery, in a single action. The successor liability actions are at completely different stages of discovery, and consolidation would result in undue delay (*see Barnes v Cathers & Dembrosky*, 5 AD3d 122 [2004]). Concur—Gonzalez, P.J., Tom, Catterson, Renwick and Richter, JJ.