3B Assoc. LLC v Ecommission Solutions, LLC (2024 NY Slip Op 02086)

3B Assoc. LLC v Ecommission Solutions, LLC

2024 NY Slip Op 02086

Decided on April 18, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 18, 2024

Before: Renwick, P.J., Kapnick, Shulman, Rosado, O'Neill Levy, JJ. 

Index No. 652280/22, 657637/17 Appeal No. 2091 Case No. 2023-06714 

[*1]3B Associates LLC, et al., Plaintiffs-Respondents,
v
Ecommission Solutions, LLC, et al., Defendants-Appellants.

Rutherford Christie LLP, New York (David S. Rutherford of counsel), for appellants.
Gelber & Santillo PLLC, New York (R. Zachary Gelber of counsel), for respondents.

Order, Supreme Court, New York County (Andrew Borrok, J.), entered November 21, 2023, which, insofar appealed from as limited by the briefs, granted plaintiffs' motion to consolidate index No. 657637/17 (the breach of contract action) with index No. 652280/22 (the fraudulent conveyance action) and denied defendants' cross-motion to stay discovery in the latter action until the former was resolved, unanimously reversed, on the law and the facts and in the exercise of discretion, without costs, the motion denied, and the cross-motion granted.
In 2016, plaintiff commenced a breach of contract action against defendant eCommission Solutions, LLC (eCommission). In 2022, plaintiff commenced a fraudulent conveyance action against eCommission and its president, Paul Hoffman, and his wife, alleging that Hoffman transferred millions from eCommission to himself with the intent to defraud creditors like plaintiff.
The actions should not have been consolidated. When one action sounds in contract and the other in tort, it is inappropriate to grant consolidation (see Screen Gems-Columbia Music v Hansen Publ., 42 AD2d 897, 897-898 [1st Dept 1973], affd 35 NY2d 885 [1974]; see also Heydt Contr. Corp. v Tishman Constr. Corp. of N.Y., 163 AD2d 196, 197-198 [1st Dept 1990]). Indeed, the breach of contract and fraudulent conveyance actions present different questions of law and fact (see e.g. Heydt Contr. Corp., 163 AD2d at 197). Moreover, the fraudulent conveyance action will be moot if plaintiffs fail to win the breach of contract action (see Sokolow, Dunaud, Mercadier & Carreras v Lacher, 299 AD2d 64, 74 [1st Dept 2002]). Finally, the two actions are at different stages, so that consolidation would lead to delay in trying the breach of contract action (see e.g. Ambac Assur. Corp. v Countrywide Home Loans, Inc., 94 AD3d 455, 456 [1st Dept 2012]; Suckishvili v Visiting Nurse Serv. of N.Y., 74 AD3d 433, 433 [1st Dept 2010]; Tarshish v Associated Dry Goods Corp., 232 AD2d 246, 247 [1st Dept 1996]).
Discovery in the fraudulent conveyance action should be stayed until the breach of contract action is resolved (see e.g. Belopolsky v Renew Data Corp., 41 AD3d 322, 322-323 [1st Dept 2007]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 18, 2024