■ JAMES P. MCPARTLON, Appellant-Respondent, v GREEN ISLAND ASSOCIATES, Respondent-Appellant.—Main, J. P. Cross appeals from an order of the Supreme Court (Mercure, J.), entered November 25, 1986 in Warren County, which denied plaintiff's motion for partial summary judgment and defendant's cross motion for summary judgment dismissing the complaint.

The parties entered into a contract dated August 25, 1985 whereby plaintiff was to purchase and defendant was to sell a parcel of real estate on Green or Sagamore Island in the Town of Bolton, Warren County. The contract provided, *inter alia,* "Purchaser's attorney shall be granted two weeks from this date to negotiate mutually acceptable covenants and restrictions or this contract shall become void and all deposit monies shall be returned to Purchaser." It is evident from the record that both during and after the specified two-week period various negotiations were held between the parties' attorneys and certain representations were made between counsel and to other parties. It further appears that after execution of the contract, defendant constructed on the subject parcel a cooling tower as part of the air-conditioning system installed in defendant's development project on an adjoining parcel. Plaintiff objected to this construction and sought to finalize the sale of the real estate. When further negotiations reached an impasse, plaintiff commenced this action seeking, *inter alia,* specific performance of the contract and removal of the cooling tower. After defendant joined issue, plaintiff moved for partial summary judgment and defendant cross-moved seeking dismissal of the complaint. Supreme Court denied the motions, finding that the conduct of the parties and their attorneys raised factual issues that could not be resolved on a motion for summary judgment. From the order entered thereon, these cross appeals followed.

We affirm. It is simply unclear from the record whether the parties intended the contract to continue in full force and effect despite the failure to reach mutually acceptable covenants and restrictions within the specified two-week period or whether the contract became void at that time. By letter dated September 18, 1985, at about or even after the conclu-

sion of the specified two-week period,* plaintiff's then-attorney made several proposals to defendant's counsel concerning contract terms and stated, "Subject to your advising me in writing that these alterations are acceptable, we must take the position that the period for we attorneys to negotiate mutually acceptable covenants as called for by the contract dated September 3, 1985, is extended without date." There is no specified written response in the record and subsequent correspondence from defendant's attorney indicates that defendant was prepared to proceed with the transaction under certain specified circumstances, upon which there may or may not have been agreement. Furthermore, as late as November 18, 1985, plaintiff was characterized by defendant's counsel as a "contract vendee", although this was done, according to an affidavit by defendant's counsel, solely as an accommodation to plaintiff during further negotiations. On this contradictory record, we agree with Supreme Court that a trial is necessary to resolve the true import of the acts of the parties and their counsel as to the continued validity of the contract following the specified two-week period (see generally, Green v Doniger, 300 NY 238).

Order affirmed, without costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.

---

* Although the contract is dated August 25, 1985, the provision specifying the two-week period was executed on September 2 and 3, 1985 and it is unclear from which of these various dates the two-week period should be measured.