■ JAMES A. GELLER, Doing Business as FAIRMONT ESTATES, Appellant, v FAIRMONT ASSOCIATES, Respondent.—Yesawich, Jr., J. Appeal from an order of the Supreme Court (Bradley, J.), entered June 26, 1990 in Ulster County, which, *inter alia,* granted defendant's cross motion for summary judgment and declared that plaintiff's mortgage debt was subject to prepayment.

Plaintiff holds a purchase money mortgage on a 74-unit garden apartment complex located in the City of Kingston, Ulster County. Paragraph 11 (a) of the rider to the contract of sale specifically provides that the "[m]ortgagor shall have the right to prepay any principal balance, in whole or in part, at any time or from time to time, without penalty". The mortgage, however, contains no similar provision.

Defendant, as the mortgagor, decided to sell its interest in the property and requested a payoff figure from plaintiff. The latter responded that the mortgage was not prepayable. After defendant failed to make several mortgage payments, plaintiff commenced this action seeking their recovery,* a declaration that the mortgage was not prepayable, and counsel fees. After issue was joined, both parties moved for summary judgment; Supreme Court granted defendant's cross motion and declared the mortgage prepayable.

At issue is whether a mortgagor may satisfy his payment obligation prior to its stated maturity date when the contract of sale includes a prepayment provision, but the mortgage itself does not. It is settled law that unless either the mortgage instrument or the parties' conduct permit prepayment, the mortgagor has no such right *(Matter of Arthur v Burkich,* 131 AD2d 105, 106).

---

* This portion of the action was settled by stipulation.

While it is generally true, as plaintiff suggests, that because the contract of sale merged into the deed and did not survive the closing, it is inadmissible in evidence. That is not the case when the parties manifest an intent to have the contract's provisions survive *(see, Summit Lake Assocs. v Johnson,* 158 AD2d 764, 766; *Davis v Weg,* 104 AD2d 617, 619). Here, paragraph 7 of the rider to the contract explicitly provided that "[a]ll representations of Seller set forth in the Contract and the Rider, *except* those representations set forth *as paragraph 7, 8, 9, 10* and 11 *of the Contract* will survive the closing" (emphasis supplied). Because the prepayment provision, paragraph 11 (a) *of the rider,* is not listed among those provisions excluded, it was obviously meant to survive. We do not subscribe to plaintiff's argument that paragraph 11 (a) of the rider is not a "representation" and therefore was not intended to survive. But irrespective of whether the prepayment option may be considered a representation, it is apparent from the above-quoted language that the parties used the term interchangeably with the term paragraph.

It is also urged by plaintiff that the contract of sale is inadmissible because the parol evidence rule excludes evidence of all prior or contemporaneous negotiations between the parties when this evidence is offered to contradict or modify the terms of the writing in controversy *(see, Marine Midland Bank-Southern v Thurlow,* 53 NY2d 381, 387). Inasmuch as the mortgage says nothing explicitly respecting prepayment, extrinsic evidence may be examined to resolve this ambiguity *(see, Matter of Surrey Strathmore Corp. v Dollar Sav. Bank,* 36 NY2d 173, 177). Thus, the contract's prepayment provision is admissible on this issue, as is plaintiff's communicated rationale for not including a prepayment provision in the mortgage *(compare, Hudson-Port Ewen Assocs. v Chien Kuo,* 165 AD2d 301). His affidavit explains that at the closing he advised that the mortgage was to be an annuity for him. Defendant's affidavit from its predecessor in interest, who claims that he did not recall any request to modify the contract, impliedly contradicts plaintiff's assertion. Given that a question of fact exists as to whether the parties intended the prepayment provision of the contract to survive the closing, summary judgment is inappropriate at this juncture.

In light of our resolution of the parties' motions, we find it premature to address plaintiff's demand for counsel fees.

Order modified, on the law, without costs, by reversing so much thereof as granted defendant's cross motion for summary judgment; cross motion denied; and, as so modified,

affirmed. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Crew III, JJ., concur.