■ JAMES P. McPARTLON, Appellant, v GREEN ISLAND ASSOCIATES, Respondent.—Weiss, J. Appeal from a judgment of the Supreme Court (Dier, J.), entered March 26, 1991 in Warren County, upon a decision of the court in favor of defendant.

On August 30, 1985 plaintiff signed a contract to purchase a 0.71-acre parcel of land to be subdivided from property known as the Sagamore Resort owned by defendant on Lake George in the Town of Bolton, Warren County. The contract was signed on defendant's behalf on September 2, 1985. The subject parcel was adjacent to the Sagamore Hotel and, over the years, had been called, among other things, "The Castle". The closing and transfer of title scheduled for September 15, 1985 did not take place and, in June 1986, defendant installed a cooling tower on the lawn of the premises to be conveyed. After plaintiff complained, defendant returned plaintiff's deposit and stated that the contract was void because the contingencies of the contract had not been fulfilled. This action was commenced seeking specific performance, a permanent injunction requiring removal of the cooling tower and monetary damages. A Supreme Court order denying motions by both parties for summary judgment was affirmed by this court on a prior appeal (135 AD2d 925).

After a nonjury trial, Supreme Court concluded that the contract was terminated in July 1986 because defendant was unable to provide clear title and because it was impossible for defendant to perform the contract. The impossibility of performance related to the release of the Castle premises from a blanket mortgage which encumbered the entire Sagamore complex. Supreme Court found that the release from the mortgage could not be obtained without an approval of the sale from the State Office of Parks Recreation and Historic Preservation (hereinafter OPRHP), and that such approval had not occurred prior to the time this action was commenced. The court also found that OPRHP approval, which required plaintiff to submit his plans for renovation of the historic Castle structure to OPRHP and which directly involved Fed-

eral tax credits for the entire Sagamore property, was an unfulfilled contract contingency. Finding that the termination of the contract by defendant was proper, Supreme Court dismissed the first cause of action. In addition, the court held that the second and third causes of action were rendered moot. Plaintiff has appealed.

Plaintiff contends that approval of the conveyance and of his proposals and plans for rehabilitation of the Castle property was not a contract contingency and could not be found within the plain meaning of the contract clause relied upon by defendant. That clause states:

### "ADDITIONAL CONTRACT PROVISION"

"Seller's obligations under this contract shall be subject to the fulfillment, prior to the closing, of the following condition: Seller shall have received subdivision approval from the Town of Bolton and/or from any other government agency which has jurisdiction over subdivisions permitting the conveyance contemplated by this contract to occur."

Whether a contract clause is clear or ambiguous is a question of law to be resolved by the courts (see, *W.W.W. Assocs. v Giancontieri,* 77 NY2d 157, 162; *see also, Hudson-Port Ewen Assocs. v Chien Kuo,* 165 AD2d 301, 303, *affd* 78 NY2d 944), and only when a writing is found to be ambiguous may extrinsic evidence of the intention of the parties be accepted *(New York State Elec. & Gas Corp. v Aasen,* 157 AD2d 965, 967). Plaintiff contends that the parties neither contemplated OPRHP approval nor did the contingency clause provide for such approval. Defendant urges that the approval was a prerequisite for two reasons: first, in order to preserve its tax credits of $4,383,129, which could be lost if the sale was made without OPRHP approval and could be subject to recapture; second, defendant would be unable to secure a release of the premises to be sold from the lien of the $46 million blanket mortgage without OPRHP's approval of the conveyance. After testimony and receipt of documentary evidence, Supreme Court found that approval by OPRHP was a primary contingency of crucial concern to defendant and that, notwithstanding efforts by both plaintiff and defendant to secure the approval, it was not obtained at the time of the trial. The court further found that a release of the premises from the mortgage lien could not be obtained without the aforesaid approval, thereby making clear title impossible to provide. Supreme Court thus determined that the contract was prop-

erly terminated in July 1986 upon the return of plaintiff's deposit.

We find that Supreme Court correctly held in favor of defendant based upon the evidence adduced at trial. Although plaintiff denied knowledge that OPRHP approval of the sale was required, his proof showed that historic preservation tax benefits were of primary importance to him. Defendant asserted that the contingency clause was a condition precedent and was included to require OPRHP approval. "After a reasonable time had elapsed and the condition remained unperformed, either party was free to rescind the contract * * *. And as long as the condition precedent had not been performed, plaintiff was not entitled to specific performance" (Perna v Desai, 101 AD2d 857, 858, affd 63 NY2d 898).

Supreme Court credited defendant's version and, because its first-hand assessment of the evidence in the record supports that determination, this court should afford those findings due deference especially on matters of credibility (see, Briggs v Di Donna, 176 AD2d 1105, 1107; Clark v Vicinanzo, 151 AD2d 951, 952). Without satisfaction of the approval contingency, the contract became unenforceable and plaintiff was not entitled to specific performance, injunctive relief or monetary damages.

Mahoney, P. J., Casey, Levine and Harvey, JJ. Ordered that the judgment is affirmed, with costs.