■ RICHARD R. PIKUL, Appellant, v CLOUGH, HARBOUR & ASSOCIATES et al., Respondents.—Weiss, P. J. Appeal from a judgment of the Supreme Court (Hughes, J.), entered January 9, 1992 in Albany County, upon a decision of the court in favor of defendants.

In 1980 plaintiff, a professional engineer, entered into a partnership with five others pursuant to a written partnership agreement. It is the accounting provision* of that agreement which is now in dispute. Plaintiff's partnership interest was terminated effective September 26, 1986 and he seeks a partnership accounting and payout of his interest based upon his interpretation of the disputed provision. Plaintiff's interpretation of the value of his equity interest would include (1) his capital account, (2) his income account, and (3) his proportionate share of the excess value of the partnership. In arriving at the amount he claims is due, plaintiff contends that the firm's market value is as a going concern and should include a value for good will. Defendants contend that the intent of the partnership agreement was to limit each partner's interest to his stated value, that is, the amount of his capital and income accounts, adjusted on an accrual basis by the audited financial statements prepared by the accountants for the partnership. After a nonjury trial, Supreme Court concluded that the subject provision was ambiguous and therefore admitted parol evidence on the interpretation of the clause. The court ultimately concluded that defendants' interpretation and computation of value was correct. Plaintiff has appealed from the judgment dismissing his complaint.

Plaintiff initially disputes the conclusion by Supreme Court that the subject provision is ambiguous. The threshold issue of whether an agreement is ambiguous is a question of law to be resolved by the court (*Van Wagner Adv. Corp. v S & M Enters.*, 67 NY2d 186, 191; *Sutton v East Riv. Sav. Bank*, 55 NY2d 550, 554; *Maio v Gardino*, 184 AD2d 872; *McPartlon v*

---

* The provision states, in pertinent part:

"The amount to be paid to each party or his estate shall be the amount of his capital account together with his income account as reflected on the books of the Partnership plus the excess of the value of the Partnership over the total Partnership capital recorded on the books in proportion to his share in the business.

"The share of each as so computed shall be subject to revision if accounts receivable or retained percentages either exceed or are less than the determination made on the first month preceding the termination. The valuations herein shall be made by the accounting firm designated by the Partnership."

*Green Is. Assocs.*, 178 AD2d 892, 893, *lv denied* 79 NY2d 758). When read within the context of the entire agreement, reasonable minds could differ as to what elements constitute the value, in excess of the partnership capital recorded on the books, to be computed by the firm's accountants *(see, Van Wagner Adv. Corp. v S & M Enters., supra; Chimart Assocs. v Paul,* 66 NY2d 570, 573). The subject provision does not unambiguously refer to appraisal, fair market value or good will, nor are such terms found elsewhere in the agreement. The payout provision remains the same whether there is a partner termination, a withdrawal or a dissolution, or whether the partnership ceases totally or continues in business. We find that Supreme Court did not err in finding the provision ambiguous *(see, 67 Wall St. Co. v Franklin Natl. Bank,* 37 NY2d 245, 248). Once the court finds ambiguity present, extrinsic evidence of the intention of the parties may be accepted *(McPartlon v Green Is. Assocs., supra,* at 893; *see, W.W.W. Assocs. v Giancontieri,* 77 NY2d 157, 163; *Hudson-Port Ewen Assocs. v Chien Kuo,* 165 AD2d 301, 303, *affd* 78 NY2d 944).

Next, plaintiff contends that his interpretation of the agreement should have been accepted. Having found an ambiguity in the terminology used and a choice among reasonable inferences to be drawn from extrinsic evidence, the determination of the intent of the parties is for the trier of fact *(Hartford Acc. & Indem. Co. v Wesolowski,* 33 NY2d 169, 172; *Serna v Pergament Distribs.,* 182 AD2d 985, 987, *lv dismissed* 80 NY2d 893). Here, the trial evidence includes the testimony of Sanford Jaffee, one of the partnership's accountants, who testified that he insisted the attorney who drafted the agreement include the specific wording at issue. Jaffee explained the difference between values computed on a cash basis method of accounting for tax purposes and the accrual basis used to prepare a financial statement. The financial statement would be used to determine the amount a withdrawing partner would be paid. In preparation of the financial statement, the accounts receivable and work in progress, less accounts payable, are used to arrive at actual value. Since the cash basis method depends solely on cash on hand and not receivables or work in progress, the partner's share would obviously be less. Jaffee testified that he insisted the disputed words be included to insure that the payout to a withdrawing partner include the correct, and in this case higher, value. Supreme Court credited defendants' version.

Supreme Court found compelling trial testimony that the

amount of money paid to a partner who withdrew while plaintiff was still a partner was based on the partner's capital account which appeared to have been plaintiff's understanding of the method of computation. The interpretation or construction placed upon a contract clause by the parties themselves is to be considered by the court in determining the true meaning of a contract found to be ambiguous (22 NY Jur 2d, Contracts, § 193, at 30). Because the findings of Supreme Court in this regard were based upon its firsthand assessment of the evidence, they are entitled to deference by this Court *(see, McPartlon v Green Is. Assocs.,* 178 AD2d 892, 894, *supra; Briggs v Di Donna,* 176 AD2d 1105, 1107). We find no basis to disturb its conclusion.

Levine, Mahoney, Casey and Harvey, JJ., concur. Ordered that the judgment is affirmed, with costs.