■ JACK POLICASTRO et al., Respondents, v TOWN OF LA-GRANGE et al., Defendants, and DWYER/BERRY ASSOCIATES, II, et al., Appellants. [597 NYS2d 794] —Casey, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Jiudice, J.), entered January 23, 1992 in Dutchess County, which denied a cross motion by defendants Dwyer/Berry Associates, II, Dwyer Berry Construction Corporation and David Berry for summary judgment dismissing the complaint against them.

At issue on this appeal is whether Supreme Court erred in determining that a question of fact exists regarding the contractual obligation of the sellers of a vacant lot in a subdivision in the Town of LaGrange, Dutchess County, to do the fill work required before the Town will issue a building permit to the purchaser. We conclude that defendants Dwyer/Berry Associates, II, Dwyer Berry Construction Corporation and David Berry (hereinafter collectively referred to as defendants) failed to establish their entitlement to a judgment as a

matter of law on the issue of the scope of their contractual obligation.

As developers of the seven-lot subdivision, defendants prepared a subdivision map which was filed in the Dutchess County Clerk's office. In order to obtain approval of the subdivision from defendant Town of LaGrange, defendants agreed to construct a swale or drainage ditch through the property. The subdivision map specifically provided that prior to the issuance of any building permit all drainage swales illustrated on the map must be constructed and approved by the Town and "all grading and fill requirements illustrated on the plat shall be completed for that particular lot to the Town's satisfaction". Defendants constructed a swale which was approved by the Town. It is undisputed that for the swale to work properly each lot has to be filled and graded so as to provide drainage into the swale.

Dwyer/Berry Associates, II, as the seller, entered into a contract for the sale of lot No. 1 in the subdivision with plaintiffs as the purchasers. The contract included a rider whereby the seller agreed to construct a swale "so as to allow for the proper construction of a single family dwelling upon the premises" and which provided that the property was conveyed subject to, *inter alia,* any notes or restrictions on the map "provided same to not prohibit the construction or occupancy of a single family dwelling upon the premises". The rider also provided, "Seller represents now and at the time of closing that all permits, approvals and other requirements of municipal authorities have been fully satisfied with reference to the premises and that same shall survive closing of title." Plaintiffs allege that prior to closing they contacted the Town to determine whether a building permit would be issued to them for the lot and a Town official assured them that there were no problems. After the closing, however, plaintiffs' application for a building permit was denied by the Town upon the ground that certain fill work had to be done before the permit would be issued.

Plaintiffs thereafter commenced this action against defendants, alleging breach of contract, negligence and fraud. Plaintiffs' complaint also asserts a cause of action against the Town and two of its officials, but they are not parties to this appeal. Defendants cross-moved for summary judgment dismissing the complaint against them. Addressing only the breach of contract cause of action, Supreme Court held that a question of fact had been raised. Defendants' cross motion was therefore denied, resulting in this appeal by defendants.

According to defendants, they agreed to construct a swale through the entire subdivision but the responsibility for grading and filling the individual lots to provide proper drainage into the swale fell to the purchasers of the lots. Defendants allege that such an apportionment of responsibility between the developer and the individual lot purchaser is consistent with industry practice because the grade and fill requirements are unique to each lot. Defendants also allege that other lot owners in the subdivision did the fill work necessary to obtain building permits and that plaintiffs knew or should have known that additional fill work was required. Citing the merger doctrine (see, e.g., Geller v Fairmont Assocs., 172 AD2d 915, 916), defendants contend that plaintiffs could not rely upon any representations in the contract of sale because those representations did not survive the closing.

The merger doctrine is inapplicable when the parties manifest an intent to have the contract's provisions survive (see, Davis v Weg, 104 AD2d 617, 619), and the rider to the contract herein contains a provision which the parties expressly agreed would survive the closing. Pursuant to that provision, defendants represented "that all permits, approvals and other requirements of municipal authorities have been fully satisfied". Defendants contend that the provision "was not intended to override the normal apportionment of responsibility so as to transfer to the developer the obligation to fill the premises". In our view, however, the provision is ambiguous.

The provision refers not only to all permits and approvals, but also to other requirements of municipal authorities, and the fill requirement is one imposed by the Town as a condition precedent to the issuance of a building permit. Certainly, the provision has its limits; for example, defendants did not obligate themselves to make sure that all municipal requirements were satisfied during plaintiffs' construction of a dwelling on the premises. Plaintiffs do not claim that defendants were responsible for obtaining the building permit. Rather, they contend that pursuant to the provision defendants assumed the obligation of satisfying the municipal requirements necessary for readying the premises for building permit approval, so that upon closing plaintiffs could obtain the permit and begin construction. We cannot say that plaintiffs' claim constitutes an unreasonable interpretation of the contract provision that survived the closing. The scope of the obligation assumed by defendants is not clear.

The existence of an ambiguity does not, however, necessarily establish the existence of a question of fact, for the issue

remains a question of law to be decided by the court if the ambiguity can and should be resolved on the basis of the contract alone, without reference to extrinsic evidence *(see, Hudson-Port Ewen Assocs. v Chien Kuo,* 165 AD2d 301, 303, *affd* 78 NY2d 944). We conclude that the ambiguity in the contractual provision which survived the closing cannot be resolved on the basis of the contract alone and that extrinsic evidence must be used to determine the parties' intent. Defendants, therefore, are not entitled to summary judgment dismissing plaintiffs' breach of contract cause of action.

Defendants' cross motion for summary judgment sought dismissal of the complaint in its entirety. Although the parties concentrated largely upon the breach of contract cause of action, defendants alleged that they made no representations other than those contained in the contract and that they did not deceive anyone regarding the premises. In fact, defendants allege that they did not meet plaintiffs until the closing. Based upon our review of the record, we conclude that defendants are entitled to summary judgment dismissing the negligence and fraud causes of action. Inasmuch as plaintiffs appear to seek the benefit of their bargain, which they can obtain in their breach of contract cause of action, a negligence cause of action is not viable *(see, Queensbury Union Free School Dist. v Walter Corp.,* 94 AD2d 834). In any event, the record contains no evidence of negligence by defendants. Nor is there any evidence of fraud. At most, defendants' conduct constituted a breach of contract and that is the only cause of action against defendants which should proceed to trial.

Weiss, P. J., Levine, Mercure and Mahoney, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied that portion of the cross motion regarding the third, fourth and fifth causes of action in the complaint; cross motion granted to that extent, summary judgment awarded to defendants Dwyer/Berry Associates, II, Dwyer Berry Construction Corporation and David Berry, and said causes of action are dismissed against them; and, as so modified, affirmed.