■ BERTHA SPIAK, Individually and as Administrator of the Estate of PETER SPIAK, Deceased, Respondent, v SIGMUND ZEGLEN et al., Respondents, and WILLIAM H. SPIAK, Appellant. [680 NYS2d 680] —Crew III, J. Appeal from an order of the Supreme Court (Keegan, J.), entered July 1, 1997 in Albany County, which granted a motion by defendants Sigmund Zeglen and Loretta Minkiewicz to compel defendant William H. Spiak to convey a right-of-way over property devised to him by decedent.

In July 1989, Peter Spiak (hereinafter decedent) entered into a written agreement with defendants Sigmund Zeglen and Loretta Minkiewicz (hereinafter collectively referred to as

defendants) for the purchase of certain real property located in the Town of Colonie, Albany County. Pursuant to the terms of that agreement, decedent was to contribute a specified sum toward the purchase price of a large tract of land to be purchased by defendants at auction, in exchange for which defendants were to convey to decedent "approximately 20 acres adjacent to real property [then] owned by [decedent], as shown on [a map attached to the agreement], and [decedent] agree[d] in that event to provide to the landlocked property thereafter owned by [defendants] an access, 60 feet wide, to Pollock Road adjacent to the [Niagara Mohawk Power Corporation] power lines, without cost".[1]

Following defendants' purchase of the subject property, a dispute apparently arose as to the precise location of the 20-acre parcel to be conveyed to decedent, prompting decedent to commence an action against defendants seeking, *inter alia,* specific performance of the underlying contract. While that litigation was pending, decedent died and plaintiff, his spouse, was appointed administrator of his estate and duly substituted as plaintiff in the underlying action.

Pursuant to the terms of his last will and testament, decedent conveyed all of his real property located along Pollock Road which, as noted previously, is generally north of the 20-acre parcel in dispute, to his brother, defendant William H. Spiak (hereinafter Spiak). Because decedent had agreed to provide access over such property to defendants' landlocked property pursuant to the July 1989 agreement, Spiak was added as a party defendant to the underlying action.[2] Thereafter, defendants commenced a separate declaratory judgment action against Spiak seeking a declaration that the parcel conveyed to Spiak was subject to the rights and obligations set forth in the July 1989 agreement. By order entered November 2, 1995, Supreme Court granted defendants' motion and declared that: "the interest in the land taken by [Spiak], under the Last Will and Testament of [decedent], is subject to the rights and obligations of [decedent] pursuant to the Agreement entered into between [decedent and defendants] dated July 24, 1989, which included, but are not limited to, granting an ac-

---

**1.** This 20-acre parcel lies generally south of the adjacent property then owned by decedent, the latter of which appears to run along Pollock Road in the Town of Colonie.

**2.** Defendants' lands lies generally southeast of the 20-acre parcel, with the landlocked portion thereof bounded on its eastern border by an existing Niagara Mohawk easement, which also forms the eastern border of the northernmost portion of the 20-acre parcel and the southernmost portion of the property devised to Spiak.

cess sixty (60) feet wide over defendant's [*sic*] land, from Pollock Road to the landlocked property owned by [defendants], and that [Spiak's] title in said land be otherwise subject to the outcome of the underlying action, seeking specific performance of the Agreement entered into between [decedent and defendants], dated July 24, 1989." No appeal was taken from Supreme Court's November 2, 1995 order.

Thereafter, on or about February 22, 1996, plaintiff and defendants entered into a stipulation of settlement, pursuant to the terms of which defendants were to convey the 20-acre parcel to plaintiff and, in exchange, retain a right-of-way over the lands of both plaintiff and Spiak, thereby providing them with access to and from Pollock Road and their otherwise landlocked parcel. According to the stipulation of settlement, the right-of-way to be granted over Spiak's land is generally 60 feet in width and is contiguous to the western border of an existing Niagara Mohawk easement.

Spiak thereafter refused to execute the proposed deed tendered by defendants, prompting defendants to move by order to show cause to compel his execution of same. Spiak opposed the application, contending that neither the stipulation of settlement nor the proposed deed were in accord with either the July 1989 agreement or Supreme Court's November 2, 1995 order. The matter was set down for a hearing, at which time the parties stipulated to the admission of certain documentary evidence, upon which Supreme Court ultimately rendered its decision. By order entered July 1, 1997, Supreme Court granted defendants' motion and ordered Spiak "to grant the right-of-way for ingress and egress as stipulated to by [plaintiff and defendants] in the Stipulation of Settlement dated February 22, 1996, by executing a deed and all documents necessary to convey to the defendants an access easement 60 feet wide over the land taken by [Spiak] under his brother's Last Will and Testament". This appeal by Spiak ensued.

Prefatorily, we note that Spiak, as a party defendant and the owner of the land to be burdened by the aforementioned right-of-way, indeed has a right to be heard here. While it is true that Spiak cannot unilaterally determine the scope and boundaries of the right-of-way to be conveyed, as his rights in the property devised to him by decedent are subject to the underlying contract between decedent and defendants, it is equally true that plaintiff cannot, in settlement of a valid estate claim, convey to defendants a right-of-way in excess of that contemplated by such contract. Hence, Spiak is limited to contesting, as he has done here, that Supreme Court erroneously inter-

preted the underlying contract and that the right-of-way that he has been ordered to convey is in direct contravention thereof. Additionally, having been represented by counsel at the hearing conducted in this matter and having agreed to proceed upon the documentary evidence provided to Supreme Court, Spiak cannot now be heard to complain that he is entitled to a trial.

Turning to the merits, we must first determine whether the July 1989 contract, which provides for "an access, 60 feet wide, to Pollock Road adjacent to the power lines, without cost", indeed is ambiguous (*see, W.W.W. Assocs. v Giancontieri*, 77 NY2d 157, 162 [whether an agreement is ambiguous is a question of law for the court to resolve in the first instance]). In our view, this inquiry must be answered in the affirmative. That being the case, Supreme Court was well within its authority to consider parol evidence to ascertain the intent of the parties to the contract (*see, Pikul v Clough, Harbour & Assocs.*, 190 AD2d 932, 933).

As to the specific arguments raised by Spiak on appeal, we disagree that Supreme Court erred in equating "access" with "right-of-way". It is clear from a review of decedent's examination before trial testimony that defendants required an access for ingress and egress between Pollock Road and their landlocked parcel and that decedent agreed to provide them with such. In this regard, we previously have held that: " '[An] easement of way confers the lawful right to use the surface of property owned by another for unobstructed passage, with the right to enter upon said property and prepare it for that purpose, together with such other incidental rights as are necessary to the enjoyment of the right of passage' " (*U.S. Cablevision Corp. v Theodoreu*, 192 AD2d 835, 837, quoting *Minogue v Kaufman*, 124 AD2d 791, 791-792).

Absent express language to the contrary, however, "[t]he grant of a mere right-of-way for ingress and egress does not * * * include the right to install underground pipes or utility lines" (*U.S. Cablevision Corp. v Theodoreu, supra*, at 837; *compare, Morgan v Bolsan Realty Corp.*, 48 AD2d 331, *lvs dismissed* 37 NY2d 712, 921).

As the record is silent as to whether decedent intended to grant defendants such expansive rights, we will not interpret the underlying contract in such a fashion. Thus, although Spiak erroneously contends that the underlying contract does not permit defendants to construct a road upon the right-of-way for purposes of ingress and egress, he is correct in asserting that the deed tendered to him exceeds the scope of the July

1989 contract, as such deed purports to grant to defendants "an easement for ingress, egress and the installation of utilities", together with the right to "install power, water, sewer lines and other utilities services under, over or on said * * * parcel".[3]

We next consider whether the dimensions of the right-of-way to be conveyed, which admittedly ranges from 62 feet in width at its northernmost point to 113.92 feet in width at its southernmost point, exceeds the scope of the original contract. In this regard, it is clear from documentary evidence introduced at the hearing that defendants were to be provided with access from their property, through the 20-acre parcel to be conveyed to plaintiff, through the land that Spiak inherited from decedent and out to Pollock Road and back again. It is equally clear from a review of the relevant survey map that due to an existing Niagara Mohawk easement, which results in a jog in the 20-acre parcel to be conveyed to plaintiff, that such access cannot be accomplished unless the right-of-way over what is now Spiak's property is extended westerly at its southern boundary to meet up with the boundaries of the right-of-way to be conveyed by plaintiff over the 20-acre parcel. In other words, in order to provide 60 feet of access at the border of Spiak and plaintiff's property and thereby comply with the spirit of the underlying agreement, the right-of-way over Spiak's land must, at its southernmost point, be greater than 60 feet in width.

Accordingly, we agree with Supreme Court that defendants indeed are entitled to a right-of-way for ingress and egress over the parcel devised to Spiak by decedent as set forth on the survey map entered into evidence at the hearing. To the extent, however, that Supreme Court's order directs Spiak to execute, in conformity with the stipulation of settlement, a deed that purports to grant defendants the right to install underground utilities in such right-of-way, that portion of Supreme Court's order cannot stand, as the grant of such exceeds the scope of the July 1989 contract.

Mikoll, J. P., White, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as ordered defendant William H. Spiak to execute a deed that includes the right to install underground utilities, and, as so modified, affirmed.

---

**3.** The deed from defendants to plaintiff contains substantially similar language with reference to the right-of-way over the land devised to Spiak.