■ C. O. FALTER CONSTRUCTION CORPORATION, Appellant, v CITY OF BINGHAMTON et al., Defendants and Third-Party Plaintiffs-Respondents. ADAMS-SARNICOLA ENGINEERS, P. C., Now DELTA ENGINEERS, P. C., Third-Party Defendant-Respondent. [684 NYS2d 86] —Peters, J. Appeals (1) from an order of the Supreme Court (Monserrate, J.), entered December 19, 1997 in Broome County, which, *inter alia*, granted motions by defendant and third-party defendant for summary judgment dismissing the complaint and third-party complaint, and (2) from the judgment entered thereon.

In November 1991, defendant City of Binghamton (hereinafter the City) entered into a contract with third-party defendant, Adams-Sarnicola Engineers, P. C. (hereinafter Adams), in connection with a construction project to alleviate an odor problem at the waste water treatment facility in the Town of Vestal, Broome County. Pursuant to such contract, Adams was responsible for preparing specifications for an odor-reduction system and drawings detailing the general scope, extent and character of the work to be performed. These specifications were to be utilized by contractors in the preparation of their bid for the design, manufacture and installation of aluminum covers intended to resolve the stated problem. Its responsibilities further included assistance in obtaining and negotiating bid proposals, supervision of construction and, when necessary, interpretation of contract documents.

In January 1992, plaintiff was selected as the low bidder.* Under the terms of the contract, plaintiff was responsible for the installation of the aforementioned aluminum covers and ultimately served as the manufacturer of the covers. The contract specified that the work was to be substantially completed on or before April 30, 1992 and completed for final payment on or before May 22, 1992. In expressly providing that time was of the essence, it contained a public inconvenience clause which charged $500 per day for late completion.

After the award but prior to commencement of work, a dispute arose as to who was responsible for the design of the aluminum covers. By letter dated February 17, 1992 to plaintiff, Adams advised that "[t]he plans and specifications clearly require the fabricator to design the covers * * * to al-

---

* J&K Plumbing and Heating Company was awarded the mechanical portion of the contract.

low each fabricator to use the design they found most advantageous. All the drawings show is the general minimal construction that would be acceptable." Expecting to quell plaintiff's unpropitious inquiry on this issue, Adams further advised that "if this becomes the official position of [plaintiff], we need to be so informed immediately so that appropriate action can be initiated". Plaintiff continued to dispute that it was required to bear the burden of design responsibility. This prompted a responsive letter, dated February 21, 1992, from Adams requiring plaintiff to answer the following questions:

"1. Will [you] fully comply with Section 05140? This includes having the manufacturer provide calculations for that manufacturer's design which are certified by a registered professional engineer.

"2. Will [you] complete the project at the contract bid price if the manufacturer uses thicker material or more material than what is labeled as minimum on the drawings?"

By a two-sentence letter dated February 24, 1992, plaintiff responded affirmatively to both questions. Thereafter upon its failure to timely complete the work, the City withheld $43,000 in damages.

On July 16, 1993, plaintiff commenced this action for breach of contract seeking $7,670 for extra work performed, $79,646 as the balance due on the contract and payment in quantum meruit for work performed in excess of that specified. As plaintiff conceded during discovery that it had been paid for the extra work and that only $43,000 remained outstanding under the contract, such claim as well as that in quantum meruit remained in dispute. On September 2, 1994, a third-party action was commenced against Adams seeking indemnification to the extent of any recovery by plaintiff on the underlying complaint. Pursuant to motions for summary judgment by defendants and Adams, followed by a cross motion for summary judgment by plaintiff, Supreme Court dismissed both complaints, prompting this appeal.

Addressing the $43,000 withheld as liquidated damages in the form of a public inconvenience charge, we can find no error. The contention that such damages constitute an unenforceable penalty since they do not bear a reasonable relation to the actual amount of loss suffered (*see, Truck Rent-A-Ctr. v Puritan Farms 2nd*, 41 NY2d 420) has already been considered and rejected when dealing with a public improvement (*see, Melwood Constr. Corp. v State of New York*, 126 Misc 2d 156, 160, *affd* 119 AD2d 734). In rejecting the contention that the delay was caused by Adams' rejection of plaintiff's originally proposed

fabricator for the aluminum covers, we note that no request for an extension of time was made after such rejection and that project meeting minutes reflect the continued representation that contractual deadlines would be met. As no issue was raised indicating a material issue of fact upon which summary judgment should be denied (*see, Zuckerman v City of New York*, 49 NY2d 557), the provision was enforceable.

The claim for quantum meruit, based upon plaintiff's allegations that it incurred expenses outside the terms of the contract when forced to design the aluminum covers, must similarly fail. Upon our review of the contract, "read as a whole to determine its purpose and intent" (*W.W.W. Assocs. v Giancontieri*, 77 NY2d 157, 162), we find that it unambiguously provided that "[c]omplete design and construction of the aluminum formed flat covers and all appurtenances as specified in this section shall be performed by one single manufacturer and installer". While plaintiff contends that addendum No. 1 limited its responsibility by deleting the "[c]omplete design" language of the aforementioned section, our reading of such addendum belies that claim. In finding the contract terms to wholly place design responsibility upon plaintiff (*see, Van Wagner Adv. Corp. v S & M Enters.*, 67 NY2d 186; *Just-Irv Sales v Air-Tite Bus. Ctr.*, 237 AD2d 793; *Pikul v Clough, Harbour & Assocs.*, 190 AD2d 932), which, when squarely faced with the issue, was acknowledged by letter dated February 24, 1992, the terms of the contract must be enforced as written.

In so finding, we reject any claim asserting a breach of contract by the issuance of defective and misleading design specifications since plaintiff waived any such breach by its express agreement to assume such responsibilities as reflected in the letter of February 24, 1992 and its subsequent conduct (*see, Hadden v Consolidated Edison Co.*, 45 NY2d 466; *Greater Johnstown School Dist. v Frontier Ins. Co.*, 252 AD2d 615). With no recovery available on the theory of quantum meruit where there exists a valid contract regarding the disputed subject matter (*see, Harder v Reedy*, 217 AD2d 833), the determination below is affirmed in its entirety.

Mikoll, J. P., Crew III, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the order and judgment are affirmed, with one bill of costs.