■ In the Matter of LONG ISLAND AFFORDABLE HOMES, INC., Respondent, v BOARD OF APPEALS OF TOWN OF HEMPSTEAD, Appellant. [871 NYS2d 259]—

The petitioner is the owner of a 9,200-square-foot parcel of real property located in the Town of Hempstead (hereinafter the property), on which it intends to construct a one-family dwelling. The property, which is located in the Residence "B" District of the Town, has 45.23 feet of street frontage on Bennett Avenue. In accordance with article VII, § 76 of the Building Zone Ordinance of the Town of Hempstead (hereinafter the Ordinance), the lot must have a minimum of 55 feet of street frontage in order to construct a dwelling as of right on a lot located in the Residence "B" District. The Ordinance has a single and separate ownership exemption for parcels of at least 4,000 square feet which were under different ownership from that of any adjoining land on October 25, 1957 and did not come into common ownership with any adjoining land since that date.

The petitioner submitted an application to the Board of Appeals of Town of Hempstead (hereinafter the Board) seeking an area variance with respect to the property's street frontage. During the public hearing before the Board, the petitioner also argued, in the alternative, that it did not need an area variance because the property is exempt from the 55-foot minimum street frontage requirement, based upon the Ordinance's single and separate ownership exemption. In support of that argument, the petitioner presented evidence that the property had never been held in common ownership with another parcel that also fronted onto Bennett Avenue, although the property and the two adjoining parcels were commonly owned for a period of time before and after 1957.

In a determination dated June 18, 2003, the Board denied the petitioner's application for an area variance. In a subsequent determination dated February 25, 2004, the board denied the petitioner's application for an exemption from the 55-foot minimum street frontage requirement. The petitioner commenced the instant proceeding to review those determinations. The Supreme Court granted that branch of the petition which was to annul the determination that the property was not exempt from the minium frontage requirements, and directed the Board to issue the petitioner a building permit authorizing the construction of the proposed dwelling, finding that the petitioner established its entitlement to the exemption from the 55-foot minimum street frontage requirement. The Board appealed from that portion of the judgment. The petitioner did not cross-appeal from so much of the judgment as denied that branch of the petition which was to annul the determination dated June 18, 2003 and confirmed the determination denying its requested variance.

At the outset, we note that the petitioner's failure to cross-appeal from so much of the judgment as denied that branch of the petition which was to annul the determination dated June 18, 2003, denying its application for an area variance, does not preclude our review of the propriety of that determination (see CPLR 5501 [a] [1]). Since the petitioner was the prevailing party in the Supreme Court and was not aggrieved by the judgment appealed from (having been granted an exemption from the zoning ordinance), it is free to argue both that the Supreme Court's determination with respect to the Board's denial of the exemption was correct or, as an alternative ground for the grant of relief, that the Supreme Court's determination on the issue of the variance was incorrect (see CPLR 5501 [a] [1]; Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539 [1983]).

The petitioner established that the parcel located directly to the east of the property, which accesses a different street than the property, had less than 55 feet of street frontage and was improved with a dwelling. It further established that the value of the property without the variance was only $5,000, but if the variance were granted the property would have a value of approximately $60,000. The petitioner's expert also noted that five of the seven homes on Bennett Avenue were also nonconforming with respect to street frontage. Moreover, the record reflects that the property would be used for a single-family dwelling, with an expected value comparable to those of the surrounding homes.

Opposition to the petitioner's application for an area variance

came from some of the neighboring property owners who, in general terms, described the adverse consequences attendant to the development of any property, including traffic, parking, lighting, visual impact, and similar considerations. In this regard, the record shows that the gravamen of such complaints appears to stem from the opponents' belief that a new neighbor would interfere with their use of off-street parking, and otherwise interfere with traffic conditions. Notwithstanding these concerns, the record reveals that the street in question is a dead-end street and that the only increase in traffic would be that of new residents at the dwelling to be constructed on the property. The record also shows that because the property is substantially oversized, ample room exists for on-site parking to service any dwelling constructed on the property. The neighbors simply did not want to lose what they considered vacant community land.

These facts bear no relationship to the findings made by the Board. In particular, there is nothing in the record to suggest that the construction of a dwelling will impede or add to the burden of delivering municipal or private services to the residents of Bennett Avenue. The record also shows that the development of the property cannot be effected absent the requested variance.

A determination of whether or not to grant a variance entails consideration of the factors set forth in Town Law § 267. An examination of each factor, based on the record herein, shows that the Board failed properly to apply the statutorily-mandated factors. The record shows that the granting of the proposed variance and the development of the property will not change the character (i.e., the residential nature) of the surrounding community, nor will the granting of the variance per se adversely affect the physical or environmental conditions of the neighborhood. The Board's conclusion that the requested variance is substantial is not borne out by the record. While the petitioner seeks an 18% deviation from the existing street frontage requirements, only two lots on the street are code-compliant, and the variation from the other noncompliant properties is negligible. Moreover, as previously indicated, the record is devoid of any suggestion that the property can be developed without the proposed variance.

Based on the circumstances of this case, the determination of the Board lacks a rational basis and is not supported by evidence in the record (see Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d 608 [2004]). Assuming, arguendo, that the concerns as to parking, and the size and siting of the

home to be built, were genuine, the Board failed to consider whether such concerns could be ameliorated by granting the variance subject to reasonable conditions it might impose. Accordingly, the judgment must be reversed insofar as appealed from, that branch of the petition which was to annul the determination dated June 18, 2003 must be granted, and the matter must be remitted to the Board to grant the variance, subject to such reasonable conditions and requirements as it may deem appropriate (*see Matter of Apostolic Holiness Church v Zoning Bd. of Appeals of Town of Babylon,* 220 AD2d 740 [1995]; *Matter of Jackson v Kirkpatrick,* 125 AD2d 471 [1986]).

In light of our determination with respect to the variance, any consideration of the application for the exemption, as provided by the Ordinance, has been rendered academic (*see Matter of Jung v Planning Bd. of Town of Middletown,* 258 AD2d 865 [1999]). Skelos, J.P., Lifson, Santucci and Balkin, JJ., concur.