■ CINDY McKEON, Respondent, v EUGENE McKEON, Appellant. [911 NYS2d 93]—

In an action for a divorce and ancillary relief, the defendant husband appeals from an order of the Supreme Court, Westchester County (Walker, J.), entered September 2, 2009, which granted that branch of the plaintiff wife's motion which was, in effect, to vacate the parties' postnuptial agreement dated November 25, 2005, on the ground that it is void as against public policy, and denied the defendant husband's cross motion, in effect, for summary judgment determining that the subject postnuptial agreement is valid.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof granting that branch of the plaintiff wife's motion which was, in effect, to vacate the parties' postnuptial agreement dated November 25, 2005, on the ground that it is void as against public policy, and substituting therefor a provision denying that branch of the motion, and (2) by deleting the provision thereof denying the defendant's cross motion and substituting therefor a provision granting the cross motion to the extent of awarding partial summary judgment to the defendant husband determining that the subject postnuptial agreement is not void as against public policy; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for a hearing on the issue of whether the postnuptial agreement is void as unconscionable.

Contrary to the Supreme Court's conclusion, the parties' postnuptial agreement does not violate public policy, as it does not prevent the wife from commencing an action for a divorce (cf. Corso v Corso, 21 Misc 3d 1102[A], 2008 NY Slip Op 51917[U] [2008]; P.B. v L.B., 19 Misc 3d 186 [2008]). Therefore, the husband satisfied his prima facie burden of establishing his entitlement to judgment as a matter of law on the issue of whether the postnuptial agreement did not violate public policy. In opposition, the wife failed to raise a triable issue of fact (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).

As an alternative argument for affirmance raised in her motion, the wife contends that the postnuptial agreement is void as unconscionable (see Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 545 [1983]; Matter of Long Is. Affordable Homes, Inc. v Board of Appeals of Town of Hempstead, 57 AD3d 996, 998 [2008]). The husband contends that the postnuptial agreement is not unconscionable. In examining a chal-

lenge to a postnuptial agreement as being unconscionable, a reviewing court will view the agreement in its entirety and under the totality of the circumstances (*see O'Malley v O'Malley*, 41 AD3d 449, 452 [2007]). However, this record, primarily supported only by the postnuptial agreement and attorney affirmations, is insufficient to establish, as a matter of law, whether the postnuptial agreement is unconscionable. Therefore, a hearing is necessary to determine the totality of the circumstances, including the extent of the parties' assets, and the circumstances surrounding the execution of the agreement (*id.*). Accordingly, we remit the matter to the Supreme Court, Westchester County, for a hearing on the issue of whether the postnuptial agreement is void as unconscionable. Mastro, J.P., Covello, Dickerson and Roman, JJ., concur.