Baff v Board of Educ. of The Fonda-Fultonville Cent. Sch. Dist. (2019 NY Slip Op 01476)





Baff v Board of Educ. of The Fonda-Fultonville Cent. Sch. Dist.


2019 NY Slip Op 01476


Decided on February 28, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 28, 2019

526970

[*1]ROGER B. BAFF et al., Appellants- Respondents,
v
BOARD OF EDUCATION OF THE FONDA-FULTONVILLE CENTRAL SCHOOL DISTRICT et al., Respondents- Appellants.

Calendar Date: January 11, 2019

Before: Lynch, J.P., Clark, Mulvey, Devine and Aarons, JJ.


Tabner Ryan & Keniry, LLP, Albany (Tracy L. Bullet of counsel), for appellants-respondents.
Honeywell Law Firm, PLLC, Albany (Christopher J. Honeywell of counsel), for respondents-appellants.



MEMORANDUM AND ORDER
Aarons, J.
Cross appeals from an order of the Supreme Court (J. Sise, J.), entered January 9, 2018 in Montgomery County, which, among other things, denied plaintiffs' motion for summary judgment.
Plaintiffs are retired teachers who were previously employed by defendant Fonda-Fultonville Central School District (hereinafter the district) and, prior to retirement, were members of defendant Fonda-Fultonville Teachers' Association. Between 1976 and 2013, the district entered into various collective bargaining agreements (hereinafter CBAs) with the Fonda-Fultonville Teachers' Association that set forth the terms and conditions of employment including, among other things, health insurance coverage and benefits for retirees. The CBAs stated that, upon retirement, plaintiffs' health insurance coverage would continue "on the same basis as they have in the past." In 2013, defendants changed plaintiffs' health insurance coverage and benefits, resulting in, among things, increased costs and expenses and changes in coverages. Plaintiffs commenced a combined CPLR article 78 proceeding and declaratory judgment action seeking, among other things, an order declaring that they are entitled to the same health insurance benefits that they had been receiving since the beginning of their respective retirements. In September 2015, Supreme Court dismissed the CPLR article 78 causes of action and the breach of fiduciary duty cause of action, thus leaving the declaratory judgment and breach of contract causes of action as the remaining claims. Following joinder of issue, plaintiffs moved for summary judgment and defendants cross-moved for summary judgment dismissing the [*2]complaint. Supreme Court denied the motion and cross motion. Plaintiffs appeal and defendants cross-appeal.[FN1]
Whether a contractual term is ambiguous is a threshold question to be resolved by the court (see W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 162 [1990]; Agor v Board of Educ., Northeastern Clinton Cent. Sch. Dist., 115 AD3d 1047, 1048 [2014]; Pikul v Clough, Harbour & Assoc., 190 AD2d 932, 932 [1993]). The dispute here centers on the phrase, "on the same basis as they have in the past." In our view, such phrase is "susceptible of different constructions and capable of being understood in more than one sense" (Science Applications Intl. Corp. v Environmental Risk Solutions, LLC, 132 AD3d 1161, 1164 [2015] [internal quotation marks and citations omitted]). Accordingly, we find that Supreme Court correctly resorted to parol evidence to resolve the phrase's ambiguity (see Spiak v Zeglen, 255 AD2d 754, 757 [1998]; Pikul v Clough, Harbour & Assoc., 190 AD2d at 933).
In connection with their motion, plaintiffs submitted their own affidavits attesting that the parties intended for the district to provide them with the same health insurance benefits that they had received upon their retirement and that such benefits would continue until their deaths. Two plaintiffs who were involved in the negotiations of the CBAs also stated that, during such negotiations, it was understood that the health insurance benefits for retirees would not be limited in any way and would continue for the retirees' respective lifetimes. One of these plaintiffs further stated that when there was a switch in health providers, such change applied only to current teachers and not to retirees.
Meanwhile, a former superintendent, who was involved in the negotiations of the CBAs, and a business administrator for the district stated in separate affidavits that the subject phrase meant that the percentage that each plaintiff contributed during his or her last year of teaching would be the same throughout retirement and that the district was not precluded from changing health plans. The business administrator also stated that there was a prior change resulting in an increased deductible for plaintiffs and that plaintiffs did not object to this change. In view of the foregoing, we conclude that the record discloses a triable issue of fact as to the parties' intentions regarding plaintiffs' health insurance coverage during their retirements and that the denial of plaintiffs' motion for summary judgment was proper (see Nationstar Mtge. LLC v Goeke, 151 AD3d 1237, 1241 [2017]; Pozament Corp. v AES Westover, LLC, 27 AD3d 1000, 1002 [2006]; see generally Hartford Acc. & Indem. Co. v Wesolowski, 33 NY2d 169, 172 [1973]). Plaintiffs' remaining arguments have been considered and are either without merit or not properly before us.
Lynch, J.P., Clark, Mulvey and Devine, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: Although defendants indicate in their brief that they are withdrawing their cross appeal, there is no indication that the necessary steps were taken to formally withdraw it.